## J. M. Snow v. State.

No. 25285. May 2, 1951.

Hon. S. H. Sanders, Presiding Judge.

*M. D. Emerson,* Paris, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for robbery with a sentence of five years in the penitentiary.

The sole question presented in this appeal for our consideration is the sufficiency of the indictment. As returned by the grand jury it contains three counts. The state elected to prosecute under the third count which alleges the fraudulent taking of an automobile in the following language: "* * * in and upon Frank Scott did make an assault and did then and there by violence to the said Frank Scott and by putting the said Frank Scott in fear of life and bodily injury, fraudulently and without the consent of the said Frank Scott take from the possession of the said Frank Scott, one automobile of the value of $1000.00, with intent to deprive the said Frank Scott of the same and to appropriate the same to the use and benefit of them the said Bill H. Irvin and J. M. Snow."

The appellant timely filed a motion to quash the foregoing count in the indictment on the ground that there is no allegation of the ownership of the automobile. The court charged the jury as follows: "If the said automobile was in possession of Frank Scott, and under his control, then the ownership can be alleged in him." This does not, however, cure the defect in the indictment. It does not allege the ownership to be in the prosecuting witness. It merely alleges possession.

50

In Higgins v. State, 19 S.W. 503, we find a discussion of the identical question in which the statute (now Article 1408 P.C.) is discussed. It was there held that an indictment for robbery, though it follows substantially the words of the statute defining the offense, is insufficient if it fails to allege the ownership of the property taken. This opinion seems to have been followed by the court to the present date and is logical, for the reasons thoroughly discussed in the Higgins case. See Texas Jur. Vol. 37, p. 20, Sec. 19, from which we quote:

"The indictment must allege in some way the ownership of the property taken; that is, it must show by proper averment that the property belonged to some person other than the accused, or that the person deprived of its possession was entitled thereto as against the accused."

We also refer to Wilson's Texas Criminal Forms, (Form No. 632) and authorities annotated and relied upon as supporting the form which makes an allegation of ownership in a person other than the accused.

For the reason stated, we hold that the third count in the indictment alleging robbery and the taking of an automobile is invalid. The judgment of the trial court is, accordingly, reversed.