**128**

**Tony LUCERO, alias Tony Yanez, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47806.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Arthur A. Estefan (Court appointed on appeal), San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault wherein the punishment was assessed at twenty (20) years following a plea of guilty before the court.

At the outset we are met with appellant's contention that the indictment is fatally defective since it does not allege other than by inference to whom the property allegedly taken belonged.

An examination of the instant indictment reveals that it does not allege to whom the property allegedly taken belonged.

"An indictment for robbery is bad if it is not alleged other than by inference to whom the property taken belonged. Besides the allegation that the property was fraudulently taken from the person or possession of another it is necessary to allege in some way the ownership of the property." 5 Branch's Ann.P.C., 2d ed., Sec. 2584, p. 19. See also Barnes v. State, 9 Tex.App. 128 (1880); Higgins v. State, 19 S.W. 503 (Tex.Cr.App.1892); Barfield v. State, 137 Tex.Cr.R. 256, 129 S.W.2d 310 (1939); Bailey v. State, 139 Tex.Cr.R. 260, 139 S.W.2d 599 (1940); Snow v. State, 156 Tex.Cr.R. 49, 238 S.W.2d 966 (1951); 50 Tex.Jur.2d, Robbery, Sec. 25, p. 180.

The State in its appellate brief filed in the trial court has confessed error and agrees that this conviction must be reversed.

We are in accord.

The judgment is reversed and cause remanded.