# MAY 15, 1940

### CALVIN BAILEY V. THE STATE.

No. 21003. Delivered April 17, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*B. P. Matocha* and *J. Fielding Jones,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The offense is robbery from the person and the punishment is twelve years.

A proper analysis of the evidence in this case shows that appellant was a prisoner in the Travis County jail. He assaulted the jailer, and following a long and desperate struggle, took from him a bunch of six large jail door keys on two rings fastened together. The keys were used as a weapon of defense by the jailer and subsequently for offensive attack by appellant. At the end of the struggle appellant found himself still in jail but with the keys in his cell.

The indictment is under Article 1408, Penal Code, and it is of the essence of the crime that he take the article involved; that the property belonged to some other person (Smedley v. State, 30 Texas Rep. 216; Barnes v. State, 9 Texas Cr. R. 128);

and that he intends to appropriate it to his own use. It appears he did not succeed in his purpose to escape jail and that he never in fact gained control of the keys. The officers had him in custody and the keys were in the jail with him. The evidence ·is silent as to who is the owner of the keys. It was his testimony and all the circumstances indicate that he merely meant to use them to lock the jailer in the cell while he made his escape. Under this state of facts he cannot be held for robbery by violence.

It is alleged he took six keys and the State claims only four in its evidence. This is presented as a fatal variance. We do not sustain the contention. Harris v. State, 34 Texas Cr. R. 498, 31 S. W. 382; Jones v. State, 64 Texas Cr. R. 510, 143 S. W. 621; Bracher v. State, 72 Texas Cr. R. 198, 161 S. W. 124.

For the failure of the State to prove the elements of the crime as defined by statute, the case is reversed and remanded.

### ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The State, by its District Attorney, has filed an able and plausible motion for rehearing in which it is seriously contended that we erred in holding the evidence insufficient to show that appellant took the keys by force from the possession of the jailer with the intent to permanently appropriate the same to his own use and benefit and to deprive the owner of the value thereof.

The intent of the accused must be ascertained and determined from his words, acts and conduct. Now, let us examine his acts, words and conduct under the circumstances reflected by this record in an endeavor to arrive at his intent. The accused was confined in jail. He, by force, took the keys to the jail cell from the jailer and nothing else. After he obtained the keys, the jailer went down to the sheriff's office presumably for help. Appellant went back into his cell and placed the keys under the mattress of his cot.

Robbery is but an aggravated species of theft. If property is taken for a mere temporary use, then it is not theft. There must be an intent to permanently appropriate the property and to deprive the owner thereof of its value.

What was the object of appellant in forcibly taking the keys from the jailer? Was it to permanently appropriate the

same? If so, of what use could they be to him except to liberate himself and make his escape? Did he desire to release himself from confinement or was it his purpose to permanently appropriate the keys? They were of no value to any one except to the jailer who could use them for the purpose and only the purpose for which they were made. Which is the most natural and logical conclusion to be drawn from the facts and circumstances disclosed by this record? A person's desire to enjoy liberty is certainly much greater than his desire to permanently appropriate the keys which he could not put to any other use except to liberate himself from confinement. What could be the object of a sane man stealing something that had no pecuniary or monetary value and especially is this true if he were going to remain in jail? We do not regard the opinion in this case as being in conflict with that in the case of Barfield v. State, 129 S. W. (2d) 310. While it is true that ordinarily the question of intent is usually one to be determined by the jury from all the facts and circumstances, still, if the facts and circumstances are such as will not justify or authorize the jury's conclusion, then it is the solemn duty of this Court under the law and on its oath, to set it aside.

Believing that the case was properly disposed of upon the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.