OTIS RAY FITZGERALD V. STATE

No. 27,039. June 26, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 20, 1954

*Martin & Shown*, by *W. E. Martin*, Houston, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery, with a prior conviction for the same offense alleged to enhance the punishment; the punishment, life imprisonment.

It was shown that the appellant and his wife presented themselves at the Anderson County jail for the purpose of making an accident report; that, unknown to the appellant, his parole had been revoked, and the "process" for his arrest was in the hands of the officers; and that the appellant was placed temporarily in a cell on the ground floor. Prior to being so incarcerated, the appellant was not searched. When the officers attempted to move the appellant to an upstairs cell in the jail he drew a pistol on them and caused them to go into the cell which he had been occupying. Thereupon, the appellant forced the jailer, at pistol point, to deliver to him the keys to such cell, which he used to lock up the officers so as to prevent them from further interfering with his escape. Appellant did escape and carried the jail keys with him. It was further proven that the appellant had been convicted of robbery in McLonnan County in 1947 and received a five-year sentence.

The appellant offered no defensive testimony.

It is upon these facts that this prosecution is based.

It is appellant's contention that they do not constitute robbery. He relies upon Bailey v. State, 139 Texas Cr. Rep. 260, 139 S.W. 2d 599.

In the Bailey case the keys were not taken from the jail. Appellant testified that he obtained them during a fight with the jailer and intended to use them to lock the jailer in the cell, drop the keys out of his reach and escape from the jail.

But here the keys were actually taken from the jailer by means of an assault, were appropriated by appellant and taken away.

The court, in his charge, required the jury to find that appellant fraudulently took the keys with intent to appropriate them to his use and to deprive the jailer of their value. The

evidence shows that he did so appropriate the keys and carried them away with him.

There was no testimony which required a charge on temporary use as applied to appropriation by the taker. There is nothing to suggest that the keys were not intentionally carried away after the jail-break or that appellant intended to do other than he did; that is, to take the keys at gun point, escape from jail and carry the keys away.

We think the facts stated distinguish this case from Bailey v. State, supra. If not, to that extent the Bailey case is overruled.

The judgment of the trial court is affirmed.