**Curtis Arthur BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44034.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 2, 1971.

---

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with the punishment, enhanced under the provisions of Article 63, Vernons Ann.P.C., being assessed at life.

At the outset the appellant challenges the sufficiency of the evidence to sustain the conviction, particularly as to intent and to "the required element of a taking of property."

On February 17, 1970, Patricia Wadsworth left Rutherford College in the city of Dallas about 9 p. m. and proceeded to a nearby parking lot where she discovered her automobile was blocked by another motor vehicle. She called the police. By the time of their arrival the vehicle had been moved and they departed. As Mrs. Wadsworth started to get into her car, she was

grabbed by her hair and pushed into the car. When she began to scream her assailant told her to "shut up" or he would shoot her. When she did not immediately comply the assailant struck her on the back of the head with his hand. The man then took the keys from her hand and holding her hair forced her to tell him where the ignition was located. He started the car and as he was backing out Mrs. Wadsworth unlocked the car door and jumped out. As she ran she glanced back and observed the car still running and that the backup lights were on. She then saw her assailant run around the front of the car and down an alley. She fled to the office of a business college and the police were called. Based on the description given by the complaining witness, the police arrested the appellant approximately a half an hour later a few blocks away from the scene of the alleged offense.

Mrs. Wadsworth made a positive in-court identification of the appellant as her assailant based on her observations of him at the time of the offense. She related that at the time her automobile was taken she was in fear of her life or serious bodily harm.

Appellant acknowledges that for the purpose of proving the element of taking, robbery is but an aggravated form of theft and that it would follow that the rules which govern in theft cases would also have application in a robbery prosecution. He also concedes the automobile was in his possession when he assumed control over it and started the ignition. He argues that his possession was not a "taking" since the complaining witness abandoned the property, rendering it impossible for him to take it from her possession.

Article 1412, V.A.C.P., provides:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

In 50 Tex.Jur.2d, Robbery, Sec. 10, p. 170, it is written:

"A fraudulent taking of property is an essential element of robbery. To constitute a taking, the property need only be brought under such dominion and control of the defendant that he has power to take it into his physical possession. The property need not be carried away; the offense is complete when the victim's property is taken into possession with the intent to appropriate it, even though it is subsequently abandoned."

In Esparza v. State, Tex.Cr.App., 367 S. W.2d 861, this court held that the defendant, by pushing an automobile only 15 or 20 feet from the place where he found it, exercised sufficient dominion and control over it to support a theft conviction thereof. See also Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605 and cases there cited.

■ It would appear clear that the appellant took possession of the automobile in question by assaulting and placing the complaining witness in fear of her life or serious bodily injury. The fact that he subsequently abandoned the vehicle a short time later would not prevent there being a "taking"; nor would the fact that the complaining witness fled from the scene call for a different result.

■ "In robbery, as in theft, the taking of the property must be with the intent to steal." 50 Tex.Jur.2d, Robbery, Sec. 14, p. 172. That intent should be determined from the words, acts and conduct of the accused. Bailey v. State, 139 Tex.Cr.R. 260, 139 S.W.2d 599. In light of the circumstances presented, we conclude the evidence was sufficient to sustain the jury's verdict.

Grounds of error #1 and 2 are overruled.

Appellant's pro se brief has been carefully examined. The grounds of error there urged are without merit and overruled.

The judgment is affirmed.