Otis Ray FITZGERALD, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent.
Appellee.

No. 72–2459.

United States Court of Appeals,
Fifth Circuit.

May 24, 1973.

Rehearing Granted Sept. 11, 1973.

Lewis R. Morgan, Circuit Judge,
concurred specially and filed opinion.

John L. Jeffers, Jr., Houston, Tex.,
court appointed, for petitioner-appellant.

John L. Hill, Atty. Gen., W. Barton
Boling, Austin, Tex., for respondent-ap-
pellee.

Before RIVES, GOLDBERG and
MORGAN, Circuit Judges.

RIVES, Circuit Judge:

After exhausting all remedies availa-
ble in the state courts, Fitzgerald, an in-
mate of the state prison at Huntsville,
Texas, petitioned for habeas corpus in
the federal district court. With inter-
ruptions by parole, Fitzgerald has
served in the state prison since 1947.
So far as the record reflects, he served
continuously from March 22, 1954 until
May 8, 1967, when he was paroled. His
parole was revoked February 4, 1971,
and he was returned to prison. His ha-
beas petition concerns a life sentence,
under the Texas enhancement statutes,
imposed by a state court in 1954 follow-
ing conviction by a jury for the offense
of robbery by assault. His primary
ground asserted for habeas relief is in-
competency of counsel; his secondary

ground is that he was denied due process when his parole was revoked without a hearing. We do not reach the secondary ground because we reverse with directions on the primary ground.

The district court denied habeas corpus on the state court record and without a further evidentiary hearing. The relevant facts and events are almost entirely undisputed.

Fitzgerald has been convicted of two separate robberies by assault, the first conviction in McLennan County, Texas, in May, 1947, and the second in Anderson County, Texas, in March, 1954. For the first offense Fitzgerald received a five-year sentence. For the second offense he was sentenced to imprisonment for life, the sentence which he is now serving. His conviction for the second offense was affirmed on June 26, 1954, by the Court of Criminal Appeals of Texas in an opinion which recited the pertinent facts as follows:

"The offense is robbery, with a prior conviction for the same offense alleged to enhance the punishment; the punishment, life imprisonment.

"It was shown that the appellant and his wife presented themselves at the Anderson County jail for the purpose of making an accident report; that, unknown to the appellant, his parole had been revoked, and the 'process' for his arrest was in the hands of the officers; and that the appellant was placed temporarily in a cell on the ground floor. Prior to being so incarcerated, the appellant was not searched. When the officers attempted to move the appellant to an upstairs cell in the jail he drew a pistol on them and caused them to go into the cell which he had been occupying.

Thereupon, the appellant forced the jailer, at pistol point, to deliver to him the keys to such cell, which he used to lock up the officers so as to prevent them from further interfering with his escape. Appellant did escape and carried the jail keys with him. It was further proven that the appellant had been convicted of robbery in McLennan County in 1947 and received a five-year sentence.

"The appellant offered no defensive testimony.

"It is upon these facts that this prosecution is based."

Fitzgerald v. State, 1954, 160 Tex.Cr.R. 414, 271 S.W.2d 428.[1]

Fitzgerald was paroled on May 8, 1967, but his parole was revoked without a hearing on February 4, 1971. Fitzgerald petitioned for habeas corpus in the Third District Court of Anderson County, Texas, on both of the asserted grounds—(a) incompetency of counsel, and (b) revocation of parole without a hearing. Following an evidentiary hearing the state judge presiding entered findings of fact and conclusions of law and denied habeas relief on both grounds. On September 23, 1971, the Texas Court of Criminal Appeals, without written order but simply on the trial court's findings, denied Fitzgerald's application for appeal.

On March 3, 1972, the federal district court denied Fitzgerald's habeas petition, saying in part:

"The record in this case indicates that Petitioner was represented in his State Trial by two attorneys of his own choosing and therefore Petitioner's claim in this regard is without merit because it does not appear that the State denied Petitioner any rights

---

1. Fitzgerald's counsel contended that the recited facts did not constitute robbery and relied upon Bailey v. State, 139 Tex.Cr. R. 260, 139 S.W.2d 599. The Texas Court of Criminal Appeals affirmed, distinguishing *Bailey* as follows:

"In the Bailey case the keys were not taken from the jail. Appellant testified that he obtained them during a fight

with the jailer and intended to use them to lock the jailer in the cell, drop the keys out of his reach and escape from the jail.

"But here the keys were actually taken from the jailer by means of an assault, were appropriated by appellant and taken away." (271 S.W.2d 428.)

under the laws or Constitution of the United States, and Petitioner has failed to raise any substantial federal question with this allegation. McGriff v. Wainwright, 431 F.2d 897 (5th Cir. 1970). Further, this Court finds from the record in this case that the attorneys for Petitioner in the State Court represented him throughout the trial of the case and throughout the appellate process in the State Court, and finds that Petitioner's attorneys did not fail to give effective assistance to Petitioner." [2]

At the evidentiary hearing in state court on Fitzgerald's petition for habeas corpus, his appointed attorney called as witnesses Fitzgerald himself and John B. McDonald, who had been the District Attorney of Anderson County, Texas, who prosecuted Fitzgerald in 1954. The State called no witnesses on its own. McDonald's testimony was consistent with Fitzgerald's and, indeed, gave detailed information on the subject at issue.

Fitzgerald testified he had no consultation with his attorneys as to conduct of the trial prior to the day of trial and had no knowledge of their making any investigation.

McDonald testified that on the morning of Fitzgerald's trial for robbery by assault, March 22, 1954, he first met Fitzgerald's two lawyers. He had not been acquainted with them previously. The facts of the robbery case which resulted in a life sentence were that Fitzgerald had escaped from the Anderson County jail by taking the sheriff's key and locking the sheriff in a cell. McDonald was concerned that the law of robbery required an intention to convert stolen property permanently and that he would be unable to demonstrate such an intention on these facts. He testified that he offered Fitzgerald's lawyers a ten-year sentence in return for a guilty plea. Defense counsel were "completely

indifferent" to this proposal, even though a life sentence was at stake under the enhancement statutes, because they believed the facts would not support a robbery conviction as a matter of law. The evidence is undisputed that the district attorney's offer of a ten-year sentence in return for a guilty plea was not communicated by defense counsel to Fitzgerald.

McDonald further testified that both defense attorneys appeared in court to try the case in very "unkempt" condition and "smelled of strong drink"; and, moreover, that his subsequent investigation indicated that neither had ever received any formal legal training.

McDonald's most crucial testimony concerned his proof for purposes of enhancement of a prior conviction for robbery by assault. He testified that as of the day of trial he did not have a witness to identify the Otis Ray Fitzgerald being tried in Anderson County as the same man who had been convicted of robbery by assault in McLennan County in 1947. He said that without such testimony he would have been unable to establish the prior conviction for purposes of enhancing punishment and that, without testimony identifying Fitzgerald as the same man who had been convicted in McLennan County, he would not have introduced the prior conviction in evidence. However, Fitzgerald's attorneys obligingly solved this problem for the district attorney by agreeing in advance of trial to put their client on the witness stand for the "limited" purpose of acknowledging to the jury that he was the same man who had been previously convicted in McLennan County of robbery by assault. McDonald's exact testimony on this point bears repeating:

"I would say as of the date of trial, I had not found anybody in McLennan County who was willing to come over here and testify that this man was the same and identical man that had been

---

2. District Judge William Steger also denied Fitzgerald's request for a certificate of probable cause, necessary under 28 U.S.C. § 2253, for the present appeal. Judge Morgan of this Court later entered an order granting Fitzgerald's application for certificate of probable cause, and his application for appointment of counsel.

convicted in McLennan County. I did have, I had talked to an assistant district attorney, and I do not recall his name at this time, who was with the district attorney's office in McLennan County, I had talked with him over the telephone and he was willing to come but he would give me no assurance that he could make the necessary identification, because he said he had no independent recollection of the fact of identification at that time. I was prepared to bring this witness from Waco but it was going to necessitate the trial going over one more day and I advised the Court and I advised Col. Shown and Judge Martin of that fact and to obviate the necessity of bringing a witness over here, they agreed they would put Mr. Fitzgerald on the witness stand and have him stipulate that he was the same and identical person that was convicted in McLennan County." (App. p. 34.)

McDonald went on to characterize as a "windfall" the agreement of defense counsel to put their client on the stand for the "limited" purpose of advising the jury of his criminal record, and he said that defense counsel seemed "anxious to try the case and get it over with and get out of town." McDonald's testimony on this matter is undisputed, and it is clear from the record before this Court that Fitzgerald was put on the witness stand by his own lawyers for the sole purpose of testifying to the jury that he had previously been convicted of robbery by assault in McLennan County. This jury was considering not only the question related to enhanced punishment but also Fitzgerald's guilt or innocence as to the Anderson County robbery.

Finally, McDonald testified that after the trial he was troubled by the quality of Fitzgerald's representation and subsequently wrote letters to the Texas Board of Pardons and Paroles, one in 1950 and another in 1971, suggesting that the life sentence was excessive and recommending parole.

The foregoing is substantially all of the evidence on the issue of incompetency of counsel.

■■■ The legal principles which control the decision of this appeal have just been settled in the case of Limmie West, III v. State of Louisiana, 5th Cir.,

478 F.2d 1026. What was said in that opinion need not be repeated here. The opinion in that case declared the law in this Circuit to be that the due process and equal protection clauses of the Fourteenth Amendment assure a state defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed and, further, that the applicable standard should be that stated in McKenna v. Ellis, 5th Cir. 1960, 280 F.2d 592, 599. Applying that standard, it is clear from the undisputed facts that Fitzgerald was denied the effective assistance of counsel. The judgment denying habeas corpus is therefore reversed and the case is remanded with directions to grant Fitzgerald's petition for habeas corpus.

Reversed with directions.

LEWIS R. MORGAN, Circuit Judge (specially concurring):

I agree with the majority that Fitzgerald's petition for habeas corpus relief should be granted. Because the law in this circuit is far from clear on the constitutional right to challenge a conviction on the grounds of incompetence of retained counsel and because I find sufficient state action in this case without reaching that point, I would decline the temptation to rest this decision on such broad grounds.

I am satisfied here that the conduct of Fitzgerald's retained counsel was such that it was, or should have been patently obvious to the prosecutors and trial court that he was being denied effective assistance of counsel. In fact, the testimony of the prosecuting district attorney is ample evidence that he knew Fitzgerald was not being given proper representation. Both the judge and the prosecutor have a duty to ensure that a defendant is afforded a fair trial. Glasser v. United States, 315 U.S. 60, 62, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). When it becomes apparent to the trial judge or the prosecutor that the defendant's attorney is so ineffective and incompetent that the proceedings have become a mockery or farce, these state court officials are obligated to take steps to protect the defendant's constitutional rights. Failure to execute this duty may be charged to

the state and may amount to a violation of due process. See Williams v. Beto, 5 Cir. 1965, 354 F.2d 698; Davis v. Bomar, 6 Cir. 1965, 344 F.2d 84, cert. den., 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965); United States ex rel. Darcy v. Handy, 3 Cir. 1953, 203 F.2d 407 (Maris, J.).

Therefore, I feel it unnecessary in this case to reach the broad question which the majority finds controlling.

### ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

Before JOHN R. BROWN, Chief Judge, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLD-BERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

It is ordered that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.