**Ex parte Daniel GALLEGOS.**

No. 48683.

Court of Criminal Appeals of Texas.

July 17, 1974.

Jerry M. Johnson, San Angelo, for petitioner.

Royal Hart, Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought by an inmate of the Department of Corrections under the provisions of Article 11.07, Vernon's Ann.C.C.P. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

In his habeas corpus application filed in the convicting court, the 119th Judicial District Court, petitioner contends in effect, among other things, that he unknow-

ingly and involuntarily pled guilty to the offense of robbery by assault because his appointed counsel was too poorly prepared to give him effective assistance in deciding how to plead.

The record reflects that the petitioner was charged with the robbery by assault of one Gene Hill, a county jailor, taking from him a set of keys.

At the evidentiary hearing in the convicting court the trial judge found that this was "a companion case" to Herring v. Estelle, 491 F.2d 125 (5th Cir. 1974), wherein Herring was granted relief on the same ground now urged by appellant.

In *Herring* the court reaffirmed the "reasonably effective assistance" standard of MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), in determining whether counsel has provided constitutionally satisfactory services and rejecting the "farce-mockery" test as a governing criterion.

After so doing, the court found in applying the test to the facts in Herring's case he was entitled to relief. It appears that Herring, who was charged with robbery by assault, and two others took keys from the jailor and escaped, leaving the keys in the jail's back door. Counsel, appointed on the day of the trial, spent a negligible amount of time familiarizing himself with the case and allowed Herring to plead guilty to the robbery charge.

The Fifth Circuit Court of Appeals concluded that even a cursory perusal of Bailey v. State, 139 Tex.Cr.R. 260, 139 S.W.2d 599 (Tex.Cr.App.1940), and Fitzgerald v. State, 160 Tex.Cr.R. 414, 271 S.W.2d 428 (Tex.Cr.App.1954), involving the taking of jail keys, would have demonstrated that robbery in Texas requires an intent to permanently appropriate the property and deprive the owner of its value, and that a strong argument could be made that the facts of the case demonstrated Herring's intent *not* to keep the keys permanently, and that reasonably effective counsel would have advised Herring to plead not guilty or, at the very least, explained to him

the law of robbery and the holding in *Bailey*. The judgment of conviction was vacated.

In the instant case the convicting court found that the petitioner Gallegos was one of the escapees with Herring, who was similarly charged as was Herring with robbery by assault, and that petitioner's appointed counsel "did not search for and discover Bailey v. State" nor present the same for consideration to either the petitioner or the court, finding that counsel did not meet the minimum standards of effective assistance. The trial court further found that petitioner is entitled to the relief he seeks.

■ In determining whether an accused has been denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, the particular circumstances of each individual case must be considered. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1939). See also Chalk v. Beto, 429 F.2d 225 (5th Cir. 1970); King v. Beto, 429 F.2d 221 (5th Cir. 1970), cert. denied, 401 U.S. 936, 91 S.Ct. 921, 28 L. Ed.2d 216 (1971).

■ The test to be applied in determining whether counsel has provided constitutionally satisfactory services is the "reasonably effective assistance" standard of MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). There, the court said:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance."

Such test has been adopted by this court. See Caraway v. State, 417 S.W.2d 159 (Tex.Cr.App.1967), judgment vacated on other grounds, Caraway v. Beto, 421 F.2d 636 (5th Cir. 1970); Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App.1968); Ex parte Smith, 463 S.W.2d 185 (Tex.Cr.App.1971);

Newton v. State, 456 S.W.2d 939 (Tex.Cr. App.1970); Johnson v. State, 426 S.W.2d 874 (Tex.Cr.App.1968).

After the adoption of such test, there have crept into some of our opinions, however, language that would indicate the true test is whether the trial was a farce and there was a mockery of justice, relying principally upon Williams v. Beto, 354 F.2d 698 (5th Cir. 1965). See Ex parte Love, 468 S.W.2d 836 (Tex.Cr.App.1971), and Brooks v. State, 473 S.W.2d 30, 31 (Tex. Cr.App.1971), which cites several Fifth Circuit Court of Appeals opinions in support thereof.

There is another line of cases which seems to combine part of the MacKenna test with the mockery of justice test in passing upon the effective assistance of counsel question. See, i. e., Washington v. State, 450 S.W.2d 630 (Tex.Cr.App.1970); Meeks v. State, 456 S.W.2d 938 (Tex.Cr. App.1970); Boykin v. State, 487 S.W.2d 128 (Tex.Cr.App.1972); Rascon v. State, 496 S.W.2d 99 (Tex.Cr.App.1973).

In Powers v. State, 492 S.W.2d 274 (Tex.Cr.App.1973), Commissioner Jackson, speaking for the court, recognized that the trial was a farce or a mockery of justice test had frequently been applied by this court, relying upon Williams v. Beto, supra, but he wrote:

"Even so, an indigent's right to counsel means the right to effective counsel. It does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592, 599. See, cf., Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)."

*Powers* thus recognized that while the "farce-mockery" test or language had ap-

peared in a number of opinions, the correct and governing standard was the "reasonably effective assistance" standard of MacKenna v. Ellis, supra.[1]

Only recently, the Fifth Circuit Court of Appeals wrestled with much the same problem. See Herring v. Estelle, supra.

In *Herring* the court reaffirmed its faith in the "reasonably effective assistance" standard of the MacKenna case. It noted that following the decision in Williams v. Beto, supra, by a panel of the court, the "farce-mockery" language appeared in some of the Fifth Circuit opinions with some frequency. A close reading of Williams v. Beto, supra, convinced the court that the opinion did not intend to adopt the farce-mockery test in lieu of the reasonably effective standard. It observed that the panel in effect was saying the farce-mockery test existed in other circuits, but in granting relief cited with approval MacKenna v. Ellis, supra.

The *Herring* court thought the two tests could be reconciled, saying:

". . . The governing standard is reasonably effective assistance. One method of determining whether counsel has rendered reasonably effective assistance is to ask whether the proceedings were a farce or mockery. The farce-mockery test is but one criterion for determining if an accused has received the constitutionally required minimum representation (reasonably effective assistance). *See* Bendelow v. United States, 5th Cir. 1969, 418 F.2d 42, 50, cert. denied, 400 U.S. 967, 91 S.Ct. 379, 27 L. Ed.2d 387. One may receive ineffective assistance of counsel even though the proceedings have not been a farce or mockery. United States v. Edwards, 5th Cir. 1974, 488 F.2d 1154 at pp. 1164, 1165 [1974]. Other circuits may adhere sole-

---

1. The concurring opinion herein overlooks the history of the development of the test used by this court to determine the effective assistance of counsel when it says this majority opinion has modified the traditional test of "farce-mockery" to the "reasonably effective assistance" test. The "reasonably effective assistance" test was first adopted

by this court and the language concerning the "farce-mockery" test later crept into the opinions. It did not, thereby, become the traditional test as the cases show. The concurring opinion would appear to abandon both such tests and to approve a "reasonably competent" test.

ly to the farce-mockery test, but we do not. Pennington v. Beto, 5th Cir. 1971, 437 F.2d 1281, 1285–1286; Brown v. Beto, 5th Cir. 1967, 377 F.2d 950, 957–958. Our standard is reasonably effective assistance."

We agree with the *Herring* reasoning.

█ In applying the reasonably effective assistance standard to the facts of the instant case, we conclude, as did the court in *Herring* on the same facts, that petitioner Gallegos was denied the effective assistance of counsel when counsel failed to advise Gallegos how the facts of his case related to the Texas law of robbery, thus preventing the guilty plea from being knowingly and voluntarily entered.

The petitioner is ordered released and remanded to the sheriff of Tom Green County to answer the indictment in Cause No. 7604–B in the convicting court.

It is so ordered.

ROBERTS, Judge (concurring).

I concur. The majority, relying on a recent decision of the Fifth Circuit Court of Appeals, has modified the traditional test for determining effectiveness of counsel from the majority rule of "farce-mockery" to a "reasonably effective assistance" standard. It is the ambiguity inherent in the use of the latter phrase with which I take issue. The phrase "reasonably effective assistance" is peculiar to the Fifth Circuit while most other jurisdictions pioneering this new test prefer "reasonably competent." The word "effective" is burdened with the usual connotation of success or desired result. Such is not the test meant to be established. To rely on this ambiguous phrase is to invite confusion and require clarification in the future.

In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) the Supreme Court of the United States chose to adopt the precise language I propose. There the appellant complained that his counsel had mistakenly assessed the admissibility of his confession and that he was erroneously advised as to the law. Justice White, speaking for the court, said:

"Waiving trial entails the inherent risk that the good-faith evaluation of a *reasonably competent* attorney will turn out to be mistaken either as to the facts or as to what the court's judgment might be on given facts." (Emphasis added)

The opinion goes on to point out that holding a confession inadmissible by a divided vote hardly justifies a conclusion that an attorney was incompetent when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty. The court proceeded to establish the standard by which competency of counsel would be judged in cases involving guilty pleas:

"In our view a defendant's plea of guilty based on *reasonably competent advice* is an intelligent plea not open to attack on the ground counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not whether a court would retrospectively consider counsel's advice right or wrong, but on whether that advice was *within the range of competence demanded of attorneys in criminal cases.*" (Emphasis added) See McMann v. Richardson, supra, and United States v. De Coster, 159 U.S.App.D.C. 326, 487 F.2d 1197 (1973).

Williams v. Beto, 354 F.2d 698 (5th Cir. 1965), reasoned that the fact some other lawyer would have acted differently had he been counsel or would have followed a different course in another case is no ground for branding the attorney as incompetent. Both McMann v. Richardson, supra, and Williams v. Beto, supra, recognize that it is unreasonable to judge a lawyer by hindsight. I believe this reasoning must be an essential element in any definitive test established by this Court.

The instant case, however, satisfies both tests of competency of counsel. With minimal research, any reasonably competent attorney would have discovered that Texas law requires that the accused possess an intent to permanently appropriate the jail keys and deprive the owner of their value in order to be guilty of robbery. Surely by any standard, appellant was entitled to be advised by his attorney that an essential gravamen of the offense was not present. Such a gross lack of diligence amounts to a failure to exercise reasonable competence, even to the point of reducing the trial to a farce and mockery of justice. Therefore, by either test, the appellant was clearly denied his constitutional right to competent counsel.

As to the granting of the writ, I am in complete agreement with the other members of this Court; however, I would use the more precise phrase of "reasonable competence demanded of attorneys in criminal cases." For the foregoing reasons, I concur in the disposition of this case.

ODOM, J., joins in this concurring opinion.