**Ex parte Richard Don ROGERS.**

**No. 49752.**

Court of Criminal Appeals of Texas.

March 12, 1975.

R. L. Blann, San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a post-conviction application for writ of habeas corpus brought under the provisions of Art. 11.07, Vernon's Ann.C.C. P. See Ex Parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

The petitioner was convicted for the offense of burglary and under Art. 63, Vernon's Ann.P.C., the punishment was enhanced by two prior non-capital convictions. On September 20, 1971, the court sentenced petitioner to life imprisonment as an habitual criminal. See Rogers v. State, 486 S.W.2d 786 (Tex.Cr.App.1972).

The petitioner challenges the life sentence, contending that one of the enhancing convictions is constitutionally infirm because he was denied effective assistance of counsel. This contention has been reviewed by this Court previously and was

denied without written order on October 17, 1973.[1] However, since that time, this Court decided Ex Parte Gallegos, 511 S.W.2d 510 on July 17, 1974. Our opinion in that case is determinative of the one at bar.

The critical facts in Ex Parte Gallegos, supra, and the present case are almost identical. In both cases, the petitioners pleaded guilty to the offense of robbery by assault. The transactions out of which the offenses arose were two separate jail breaks from the Tom Green County jail. In the instant case, it is reflected that petitioner assaulted the jailer Bingham and demanded the jail keys. After using the jail keys to effectuate his release from the cell, petitioner returned the keys to Bingham and departed. Petitioner was apprehended within the hour and returned to custody. On March 29, 1961, he was tried for robbery by assault of the jail keys. Within minutes before this trial was to begin, a practicing San Angelo attorney was appointed to defend petitioner. Appointed counsel spent a negligible amount of time familiarizing himself with the case and allowed petitioner to plead guilty to the robbery charge.

■■ The crux of petitioner's contention is that he unknowingly and involuntarily pleaded guilty to the offense of robbery by assault because his appointed counsel was so inadequately prepared as to give him effective assistance in deciding how to plead. As in Ex Parte Gallegos, supra, even a cursory perusal of Bailey v. State, 139 Tex.Cr.R. 260, 139 S.W.2d 599 (1940) and Fitzgerald v. State, 160 Tex.Cr.R. 414, 271 S.W.2d 428 (1954), involving the taking of jail keys, would have demonstrated that petitioner lacked the requisite intent to permanently appropriate the keys and deprive the owner of their value. This being an essential gravamen of the offense, any reasonably competent attorney with a minimal amount of research would have discovered it and advised petitioner accordingly. We cannot but conclude, as we did in Ex Parte Gallegos, supra, "such a gross lack of diligence amounts to a failure to exercise reasonable competence." The prior conviction is void.

■ The petitioner's conviction under Art. 63, V.A.P.C., cannot be permitted to stand because of the use of the prior felony conviction which was void. The other prior conviction, alleged for the purpose of enhancement of punishment, was for felony theft from Jones County. We have considered appellant's pro se brief in regards to this conviction and find it without merit.[2] This offense being of a like nature to the primary offense, the appellant's conviction may be upheld under the provisions of Art. 62, V.A.P.C. Ex Parte Webster, 497 S.W.2d 305 (Tex.Cr.App. 1973); Ex Parte Scott, 485 S.W.2d 921 (Tex.Cr.App.1972). The punishment provided by law, under Articles 1397 and 62, V.A.P.C., is twelve years' imprisonment. Therefore, it is ordered that petitioner's confinement under this conviction cannot exceed twelve years.[3]

It is so ordered.

1. Having exhausted his state remedies, petitioner brought his writ before the United States District Court for the Northern District of Texas. After conducting an evidentiary hearing in Tom Green County, on December 9, 1974 Judge Woodward ordered the writ to issue based upon the companion case to Ex Parte Gallegos, infra; Herring v. Estelle, 491 F.2d 125 (5th Cir. 1974). The order stayed petitioner's release from custody at the Texas Department of Corrections for a period of ninety (90) days from the signing thereof. It further provided that should petitioner not be granted a new trial nor resentenced under the laws of the State of Texas, within such time, he would be immediately discharged from further custody.

2. Appellant has twice filed writs of habeas corpus on this issue and both have been denied without written order by this Court.

3. A copy of this opinion is to be forwarded to the Texas Department of Corrections.