In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00022-CR
______________________________


TERI LEE FAIL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29661-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Teri Lee Fail was convicted of theft of property valued at less than $1,500.00 after having
been twice previously convicted of theft. See Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon
2003). The jury assessed punishment at two years' confinement in a state jail facility and a $5,000.00
fine. It is undisputed that Fail left the Brookshire's store with some items from the store, which were
not bagged and for which she had no receipt. The primary dispute centers around her state of mind
at the time. The issues presented are: (1) legal and factual sufficiency of the evidence, and (2) the
propriety of the court instructing the jury concerning voluntary intoxication. We affirm the judgment
of the trial court. 
1.         Was Evidence Legally and Factually Sufficient 
            Fail argues the evidence was legally and factually insufficient to sustain a conviction. The
evidence presented shows the following: Connie Parish, an employee of Brookshire's on May 21,
2002, saw a woman she identified as Fail walk out of the store with a buggy full of diapers. None
of the diapers were sacked in Brookshire's sacks. Parish contacted the manager and asked the
checkers if they had checked Fail out, and they said they had not. 
             Jonathan Poe, the assistant manager, testified as follows: After being notified by Parish, he
followed Fail, who was unloading the diapers into a car. After asking her if she had purchased the
diapers, she stated she had passed an employee who saw her enter the building with the diapers, but
could not identify the employee. Poe asked her for a receipt, which she could not provide. Poe was
unable to find any employee who had seen Fail enter the store with the diapers, and no diapers were
brought to the office for exchange. Fail stated that the diapers in her possession were ones she had
brought into the store and stated that she had talked to an employee when she first came in. It was
impossible for Fail to make an exchange without Poe being involved. 
             Fail testified that, on the day in question, she went into the Brookshire's store with some
diapers she wanted to exchange. She told an employee she had some diapers to exchange, and the
employee told her that she would let someone know and that Fail should go on to the back of the
store, which she did. The next thing Fail recalls is being at the car and the man asking her about the
diapers and for a receipt, which she could not find. Fail testified at the trial that she did not have a
receipt and that she did not intend to steal the items. She did not remember whether she went
through a checkout stand. 
             Corine Redmond, Fail's mother, testified that Fail has neuropathy, arthritis, muscle and nerve
damage and that she has had a problem with prescription medications in the past and has had short-term memory problems. Fail testified that, on May 21, she was taking Vicadin, Xanax, Soma,
Premarin, Zantac, and Restoril, that she has had a number of health and surgical problems, and has
short-term memory loss. She has in the past been addicted to prescribed medications and was
referred to a pain management clinic. On May 21, she took the prescribed medications. 
            Fail argues that the evidence is insufficient on the element of intent and that the State's proof
merely shows she took the diapers from the store and that there is no testimony about her conscious
objective or desire to remove the diapers from the store. Fail further argues that her history of
prescription drug dependency and addiction, and the effects of the drugs, clouded her memory and
impaired her functioning to the point where she could not formulate the requisite intent as alleged
in the indictment.
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307 (1979). This calls for a review of the relevant evidence in the light
most favorable to the verdict and a determination as to whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
            In contrast to legal sufficiency, a factual sufficiency review dictates that the evidence be
viewed in a neutral light, favoring neither party. Johnson, 23 S.W.3d at 7. In determining the factual
sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a
neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong, or so weak as to be clearly wrong or manifestly unjust. Id. 
However, "[t]he court's evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony." Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).
             The jury was properly instructed that a person acts intentionally, or with intent, with respect
to the nature of her conduct or to a result of her conduct when it is her conscious objective or desire
to engage in the conduct or cause the result. See Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003).
            The mental state of the accused is a question of fact for the jury to ascertain, usually from
circumstantial evidence and from the surrounding circumstances. Robles v. State, 664 S.W.2d 91,
94 (Tex. Crim. App. 1984). Intent to deprive must be determined from the acts or words of the
accused. Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981); Banks v. State, 471 S.W.2d
811 (Tex. Crim. App. 1971). Because intent is an intangible, it can only be proved by circumstantial
evidence. Arnott v. State, 498 S.W.2d 166, 177 (Tex. Crim. App. 1973); Moyer v. State, 948 S.W.2d
525, 530-31 (Tex. App.‒Fort Worth 1997, pet. ref'd). A jury may infer intent from any facts which
tend to prove its existence, including the acts, words, and conduct of the accused. Hernandez v.
State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). 
            The evidence is that Fail entered the store with three packages of diapers and left with eleven. 
She was attempting to place them in her vehicle when the manager approached her. None of the
packages were bagged in sacks from Brookshire's. When confronted by the manager, Fail could not
produce a receipt. None of the checkout personnel had seen or talked to her. No item was presented
for exchange. 
            After considering the evidence in the light most favorable to the verdict, we conclude a
rational trier of fact could have inferred that Fail intentionally appropriated the diapers. Further,
reviewing all the evidence in a neutral light, we cannot say the evidence of guilt is so obviously weak
as to undermine confidence in the fact-finder's determination or that the proof of guilt is greatly
outweighed by contrary proof. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Fail's
points of error one, two, three, and four concerning legal and factual sufficiency under state and
federal law are denied.
2.         Voluntary Intoxication Instruction
            As previously noted, Fail and Redmond both testified as to Fail's drug usage and addiction. 
Fail testified that, on May 21, she was taking seven medications. All of these medications were for
health problems, including polyneuritis, silicone poisoning, fibromyalgia, three kinds of arthritis,
polyneuropathy, short-term memory loss, and post-traumatic stress disorder. She acknowledged she
has been addicted to prescribed medications. She further testified that, while she remembers going
into the store and then being at her car when the manager was asking her for a receipt, she did not
remember the intervening events. As to her previous offenses, she believes drug addiction "had
something to do with it" and that she had no intent to steal those items as well. She testified that
drugs impair her memory and judgment. In closing argument, the defense attorney stated, "She's
impaired. She's impaired physically, she's impaired mentally, and she's impaired by the prescriptions
that are prescribed by the doctors . . . ." At the conclusion of the trial, the trial court included an
instruction in the jury charge that voluntary intoxication does not constitute a defense to the
commission of crime. See Tex. Pen. Code Ann. § 8.04(a) (Vernon 2003). Intoxication was defined
as a disturbance of mental or physical capacity resulting from the introduction of any substance into
the body. Fail argues that such instruction was erroneous, because she was not pleading insanity or
temporary insanity. She further alleges these medicines were legitimately prescribed and taken to
counteract pain and dysfunction.
            Section 8.04(a) of the Texas Penal Code provides that intoxication is not a defense to the
commission of a crime. Fail does not need to rely on intoxication as a defense in order to implicate
this provision. Rather, if there is evidence from any source that might lead a jury to conclude that
Fail's intoxication somehow excused her actions, an instruction is appropriate. Taylor v. State, 885
S.W.2d 154, 158 (Tex. Crim. App. 1994). In Taylor, there was evidence, albeit slight, that the
defendant's actions could have been precipitated by her marihuana use, justifying the use of the
voluntary intoxication instruction. 
            In Haynes v. State, 85 S.W.3d 855 (Tex. App.‒Waco 2002, pet. ref'd), the court held that,
even though the defendant was not relying on the defense based on intoxication, a jury could have
concluded the defendant lacked the "intent" for murder because he was intoxicated. Therefore, the
intoxication instruction was proper.
              Here, Fail argues in her brief to this Court that her medication clouded her memory and
impaired her functioning to the point where she could not formulate the requisite "intent" as that term
is used in the indictment. At trial, testimony was introduced concerning her past drug addiction and
concerning the fact that she had taken prescribed medications on the date of the alleged offense. 
This evidence raised an issue as to whether Fail had the "normal use of mental or physical faculties
by reason of the introduction of . . . a drug, . . . into the body," and the jury could have concluded that
somehow her actions were excused by her impaired condition. See Tex. Pen. Code Ann. § 49.01(A)
(Vernon 2003). Thus, the trial court properly instructed the jury that voluntary intoxication is not
a defense to the commission of a crime.
            Having found the evidence legally and factually sufficient and the jury instruction on
voluntary intoxication proper, we affirm the judgment of the trial court. 
 
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          October 28, 2003
Date Decided:             October 29, 2003

Do Not Publish