Opinion issued September 23, 2010

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


 

In The

Court of
Appeals

For The

First District
of Texas

————————————
 
 


NO. 01-09-00928-CR

————————————
 
 


OSCAR NATHANIEL SCOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1208957

 


 
 

 
 
 



MEMORANDUM OPINION

A jury found appellant, Oscar
Nathaniel Scott, guilty of the offense of possession of cocaine weighing less
than one gram.[1]  After finding true the allegations in two
enhancement paragraphs that appellant had previously been convicted of two
felony offenses, the trial court assessed his punishment at confinement for
five years.  In two points of error,
appellant contends that the trial court erred in denying his motion for new
trial in which he asserted that he had received ineffective assistance of
counsel.

          We
affirm.

Background

Houston Police Department (“HPD”)
Narcotics Officer D. Bocanegra testified that on March 25, 2009, she was
working undercover to set up a “street buy” of “crack cocaine.”  As she was driving, she saw appellant walking
down the sidewalk, and she waved to and nodded at him.  After appellant acknowledged her, she stopped
her car.  Appellant approached Bocanegra
and asked, “What are you looking for?,” to which she replied, “I’m looking to
score a 20.”  Bocanegra explained that a
“20” is about “$20 worth of crack cocaine,” an amount the size of “an eraser on
a pencil.”  Appellant got into
Bocanegra’s car, and, after she had driven for about one block, he instructed
her to pull over.  Appellant then got out
of the car, told Bocanegra to “make the block,” and said that he “was going to
get it from a group of guys in the area by the time [she returned].” 

When she returned, appellant
delivered the crack cocaine to Bocanegra’s partner, Officer R. Ybanez, who
handed it to Bocanegra, and Bocanegra then paid appellant nine dollars.  As she drove away, Bocanegra called for patrol
officers in marked patrol cars to arrest appellant.  

HPD Patrol Officer G. Young testified
that he responded to Officer Bocanegra’s call and arrested appellant.  Young searched appellant and found in his
clothing “two rocks of crack cocaine,” a “crack pipe,” and nine dollars.  HPD Crime Laboratory Analyst Ahtavea Barker
testified that laboratory testing confirmed that the two “rocks” were in fact
cocaine in the amount of .12 grams and the “crack pipe” contained “trace”
amounts of cocaine.

After trial, appellant filed a motion
for new trial in which he argued that his trial counsel provided ineffective
assistance because trial counsel had “not fully explain[ed to appellant] the
law of entrapment and search and seizure,” they “did not have a very good
attorney client relationship,” and trial counsel “did not explain [to
appellant] how and why the defense of entrapment was not a viable defense in
his case or how probable cause to arrest in this case existed despite the
district attorney’s decision to charge [appellant] with delivery of a controlled
substance.”  Appellant asserted that,
“had he properly understood these concepts,” he “would not have insisted on his
right to a jury [trial] and would have accepted the plea offer of time served.”  At the hearing on his motion, the trial court
received as evidence appellant’s affidavit and the affidavit of his trial
counsel. It then denied the motion.

Ineffective Assistance of Counsel

In his first and second points of
error, appellant argues that the trial court erred in denying his motion for
new trial because his trial counsel did not “fully explain [to him] the
applicable legal principles . . . so that [he] could make an
intelligent and informed choice” regarding the State’s plea offer. 

The standard of review for evaluating
claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984).  Strickland generally requires a two-step
analysis in which an appellant must show that (1) counsel’s performance fell
below an objective standard of reasonableness and (2) but for counsel’s
unprofessional error, there is a reasonable probability that the result of the
proceedings would have been different.  Id. at 687–94, 104 S. Ct. 2064–2068; Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  A reasonable
probability is a “probability sufficient to undermine confidence in the
outcome.”  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  In reviewing counsel’s performance, we look to
the totality of the representation to determine the effectiveness of counsel,
indulging a strong presumption that his performance falls within the wide range
of reasonable professional assistance or trial strategy.  Thompson,
9 S.W.3d at 813.  The record must
affirmatively support the alleged ineffectiveness.  Id.

Generally, we review a trial court’s
denial of a motion for a new trial under an abuse of discretion standard.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  However, the United States Supreme Court has
explicitly held that “both the performance and prejudice components of the
ineffectiveness inquiry are mixed questions of law and fact.”  Strickland,
466 U.S. at 698, 104 S. Ct. at 2070; see
also Williams v. Taylor, 529 U.S. 362, 419, 120 S. Ct. 1495, 1526 (2000)
(Rehnquist, C.J., concurring) (“While the determination of ‘prejudice’ in the
legal sense may be a question of law, the subsidiary inquiries are heavily
factbound.”).  Accordingly, “where the
trial court ‘is not in an appreciably better position’ than the appellate court
to decide the issue, the appellate court may independently determine the issue
while affording deference to the trial court’s findings on subsidiary factual
questions.”  Villareal v. State, 935 S.W.2d 134, 139 (Tex. Crim. App. 1996)
(McCormick, P.J., concurring) (citing Miller
v. Fenton, 474 U.S. 104, 110–17, 106 S. Ct. 445, 450–53 (1985)); see Kober v. State, 988 S.W.2d 230, 233
(Tex. Crim. App. 1999).  Yet, the trial
court remains in the best position to “evaluate the credibility” of the witnesses
and resolve such conflicts.  Kober, 988 S.W.2d at 233; see Strickland, 466 U.S. at 698, 104 S. Ct.
at 2070.  The trial court can choose to
believe or disbelieve all or any part of the witnesses’ testimony.  See
Johnson, 169 S.W.3d at 239–40; Kober,
988 S.W.2d at 233.

Appellant’s ineffective assistance of
counsel complaint primarily arises out of the fact that he rejected a “time
served” plea offer by the State, went to trial, the jury found him guilty, and
the court assessed his punishment at confinement for five years.  He asserts that trial counsel “dismissed his
questions” about the defense of entrapment and trial counsel’s explanation “in
court on the day of trial” did not allow him “to fully comprehend the
information and ask further questions” in deciding whether to accept or reject
the plea offer.  Appellant also asserts
that trial counsel, in his affidavit testimony, made a “false statement” when
testifying that “the issue of entrapment [] did not materialize until the
morning of [appellant’s] trial.”  He
notes that prior to trial, trial counsel requested a mental health evaluation,
stating that appellant “does not understand how entrapment is not applicable to
his case.” Appellant argues that because this “undermines [trial counsel’s]
entire affidavit, this Court should not rely on counsel’s statements that he
explained the law of entrapment to [a]ppellant in great detail.”  He further asserts that he believed that if
the State refused the “delivery charge,” all other charges should have been
dismissed, and his trial counsel “did not explain to him how the law concerning
probable cause would allow the officers to arrest him and then search him
despite the district attorney’s office deciding later to only accept the
possession charge.”

In his affidavit attached to his new
trial motion, appellant testified that he did not understand the concepts of
entrapment and probable cause.  He
believed that if the State “refused charges on the delivery that everything
should have been thrown out.”  Appellant
stated that his trial counsel “did not communicate” with him, “never came to
the jail to speak” with him, talked to him for only a few minutes at a time
while appellant was in the “holdover cell” during his appearances in the trial
court, “dismissed” his questions about the entrapment defense, and “did not
explain how the system worked or how probable cause would allow the officers to
arrest [him] and then search [him] even if the [State] chose to accept charges
on the lesser charge.”  If trial counsel
had “communicated better” and explained to him how the entrapment defense
worked, that it “was not a good defense,” and that the officers had probable
cause to arrest and search him, appellant would have accepted the State’s offer
of time served and “would not have insisted on going to a jury trial.” 

In his affidavit, appellant’s trial
counsel testified that appellant was a “very difficult client” and his “thought
processes were such that [trial counsel] requested a mental health evaluation,”
which “came back competent.”  Appellant
was “obsessed with several issues” and “could not understand why the
prosecutors were not charging him with delivery of a control[led]
substance.”  Trial counsel stated that
“the law of entrapment was explained to [appellant] in great detail.”  Appellant “wanted his driver’s license
reinstated” and explained to three different judges that “[i]f his driver’s
license was not part of a plea agreement, he was going to trial.”  The three judges attempted to explain to
appellant “the reason behind the [S]tate charging [him] with possession of a
controlled substance” and “the ramification[s] of his going to trial with his
enhanced indictment.”  Appellant refused
the State’s offer of “time served” on the day of trial because “his driver’s
license would be suspended.”

A failure by trial counsel to advise
a criminal defendant about legal concepts that may affect his decision to
accept or reject a plea offer can constitute deficient performance.  See Ex
parte Battle, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991); Ex parte Gallegos, 511 S.W.2d 510, 513 (Tex. Crim. App.
1979).   Here, however, the affidavit
testimony of appellant and his trial counsel conflict regarding trial counsel’s
discussions with appellant about the entrapment defense and probable cause and
why appellant rejected the State’s plea offer of time served.  The trial court, as fact finder, was the sole
judge of the credibility of the testimony of appellant and his trial counsel
and the weight to be given to their testimony, and it could have rejected
appellant’s testimony and accepted that of his trial counsel.  See
Johnson, 169 S.W.3d at 239–40; Kober,
988 S.W.2d at 233.  Consequently, the
trial court could have concluded that trial counsel did discuss with appellant
the inapplicability of the entrapment defense, the law regarding probable
cause, and how the State could abandon the delivery charge in favor of the
possession charge.  

The trial court could have further
concluded that appellant was a “difficult” client and trial counsel,
recognizing the strained relationship between himself and appellant and
appellant’s apparent inability to understand that “entrapment [was] not
applicable to his case,” properly sought a mental health evaluation of
appellant’s competency and allowed three judges to explain the entrapment,
probable cause, and charging issues to appellant.  The trial court could have further concluded
that appellant, who was focused on getting his driver’s license reinstated,
would not accept anyone’s explanations about why he should not opt to go to
trial.  

In sum, the trial court could have
reasonably concluded that appellant rejected the State’s plea offer, not
because trial counsel failed to adequately explain pertinent legal concepts to
him, but because the State would not guarantee that it would reinstate his
driver’s license if he accepted the plea. 
Accordingly, we hold that trial counsel’s performance did not fall below
an objective standard of reasonableness and the trial court did not err in
denying appellant’s new trial motion.  See Strickland, 466 U.S. at 687–94, 104 S. Ct. 2064–2068; Thompson, 9 S.W.3d at 813.

We overrule appellant’s first and
second points of error.

 

 

 

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Chief Justice Radack and Justices Jennings and Alcala.

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]           See
Tex. Health
& Safety Code Ann. §§ 481.102(3)(D), 481.115(a), (b) (Vernon 2010).