

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. AP-76,302

**EX PARTE WILLIAM LEE NISWANGER, Applicant**

**ON APPLICATION FOR WRIT OF HABEAS CORPUS FROM FREESTONE COUNTY**

**PRICE, J., filed a dissenting opinion in which JOHNSON, J., joined.**

## DISSENTING OPINION

I construe the essence of the applicant's *pro se* ineffective assistance of counsel claim to be that, from any reasonably competent professional review of the indictment and the offense report in this case, trial counsel should have realized that there existed (at least) a serious question whether the State would be able to present facts at trial that could establish a violation of Section 37.11(a) of the Penal Code.[1] Instead, trial counsel advised the

---

[1] TEX. PENAL CODE § 37.11(a).

applicant that the State's case was "rock solid."[2] Even regarded in the light most favorable to a conviction, however, the facts enumerated in the offense report, which was attached as an exhibit to trial counsel's responsive affidavit, do not readily fit within the elements of the statute, much less make for a "rock solid" case. The applicant also swears that, had he been informed of the precarious nature of the State's case for impersonating a public servant, he would not have pled guilty but would have put the State to its proof, notwithstanding the favorable plea offer. Even after we remanded this cause to the convicting court for further factual development, its recommended findings of fact and conclusions of law fail to address any of these specific fact issues.[3]

We are the ultimate factfinder in post-conviction habeas corpus proceedings under Article 11.07 of the Code of Criminal Procedure.[4] In the absence of an adequate

---

[2] The applicant attached an inmate declaration form to his application for writ of habeas corpus, *see* TEX. CIV. PRAC. & REM. CODE § 132.001-132.003, in which he asserts that trial counsel assured him that he had "checked out" the State's case for impersonating a public servant under the statute and that it was "rock solid." We remanded the cause to the trial court for a responsive affidavit from trial counsel. Notably, trial counsel did not dispute the applicant's characterization, and his affidavit is otherwise consistent with the applicant's assertion that trial counsel regarded the State's evidence as amply sufficient to establish a violation of the statute.

[3] The convicting court's findings of fact are simply that trial counsel "investigated the facts and law" and that his performance was "not deficient." It made no express findings with respect to the applicant's characterization of counsel's advice or whether the applicant would have chosen to reject the plea offer and proceed to trial had trial counsel's advice been any different.

[4] TEX. CODE CRIM. PROC. art. 11.07. *See Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010) (convicting court is the "original factfinder," but this Court is the "ultimate factfinder"); *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009) (same).

recommendation of factfindings from the convicting court, we are free to find the facts as we see them, so long as the record supports our determination.[5] Based on the record before us, I would find that the applicant has shown by a preponderance of the evidence that his trial counsel rendered professionally substandard assistance of counsel in failing to alert him to the (at best) questionable nature of the State's evidence against him, and that the applicant's decision to plead guilty was uninformed and therefore not knowingly made. Moreover, I would find that, but for trial counsel's deficiency, the applicant would not have plead guilty but would have insisted on going to trial. On the basis of these findings, I would conclude as a matter of law that the applicant's Sixth Amendment right to the effective assistance of counsel was not honored in this case.

Whether or not trial counsel should have filed a motion to quash the indictment is an entirely ancillary question. There was nothing necessarily wrong with the State's pleading, at least on its face. The pertinent question is instead whether, in light of his knowledge of the contents of the offense report, trial counsel was deficient in failing to advise his client of the substantial possibility that either a factfinder at trial or an appellate court on appeal would conclude that the facts at the State's disposal do not establish a violation of Section 37.11(a). Had trial counsel so informed the applicant, and the applicant had nevertheless persisted in his decision to plead guilty in exchange for the favorable plea offer, I would find no merit

---

[5] *See Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008) ("when we deem it necessary, we will enter alternative or contrary findings and conclusions that the record supports.").

to his claim of ineffective assistance of counsel, for reasons the Court gives today. For, in that event, the applicant would have made an *informed* decision that the possibility of acquittal at trial or on appeal was not substantial enough to merit risking a life sentence in the face of the State's favorable plea offer of ten years. But, as far as I am concerned, it constitutes deficient performance for trial counsel to take that choice away from the applicant by counseling him in error that the State's case was "rock solid." An accused is entitled to the effective assistance of counsel in the plea bargaining process, and a decision to plead guilty that is predicated upon erroneous advice of counsel is not made knowingly and voluntarily.[6] Trial counsel's advice to his client in this case was incompetent, if not, strictly speaking, "erroneous," in the sense that it derived from a patently unprofessional assessment of the strength of the State's case in view of the statutory elements and the known facts.[7] Accepting, as I do, the applicant's assertion that he would have chosen differently had he been competently advised,[8] I would grant habeas corpus relief.

---

[6] *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).

[7] *Cf. Ex parte Gallegos*, 511 S.W.2d 510, 511 (Tex. Crim. App. 1974) (in a case decided before *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), trial counsel was found to have rendered ineffective assistance of counsel by advising his client to accept a guilty plea offer without informing him that a "strong argument" could be made that his conduct did not constitute a violation of the penal statute under which he was charged; trial counsel should "at the very least" have explained the situation to his client to ensure that any guilty plea was knowingly and voluntarily entered).

[8] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Because the Court does not, I respectfully dissent.


FILED:      March 16, 2011
PUBLISH