Julius H. ERSTLING, Appellant,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.

No. 16904.

United States Court of Appeals
Fifth Circuit.

April 29, 1958.

Leo M. Alpert, R. M. MacArthur, Alpert & MacArthur, Miami, Fla., for appellant.

Edward J. Atkins, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant is an attorney engaged in the practice of his profession in Miami, Florida. He brought suit in a Florida court against the appellee telephone company charging that it omitted his name from the "Yellow Pages" of its telephone directory and in so doing was guilty of gross negligence of a recklessly careless nature. He claimed a monetary loss of approximately $200 and punitive damages, with an aggregate demand "in excess of $5,000 compensatory and punitive damages." The appellee removed the cause to the United States District Court and filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The district court entered an order on the motion the operative words of which are:

> "Ordered and Adjudged that the Plaintiff's Complaint be and is hereby dismissed. The Plaintiff declining to plead further, this Order is made with prejudice to the Plaintiff."

The order was dated July 11, 1957. The civil docket of the court relating to this case bears the entry, "1957 * * * July 12 Order granting motion to dismiss with prejudice to Pltf." On July 25, 1957, an instrument styled "Final Judgment" was signed by the district judge. It provided:

> "Ordered and Adjudged that the Plaintiff, Julius H. Erstling, take nothing by his suit and the Defendant, Southern Bell Telephone and Telegraph Company, go hence without day and recover its costs in this suit incurred, said costs to be taxed by the Clerk of this Court."

The appellant filed notice of appeal on August 20, 1957. The appellee has moved to dismiss as being filed too late.

If the instrument docketed on July 12, 1957, and designated "Order Granting

Defendant's Motion to Dismiss" was a final decision from which an appeal may be taken under 28 U.S.C.A. § 1291, then the appeal was not taken in time. Rule 73(a), Fed.Rules Civ.Proc. 28 U.S.C.A. The Rules provide that:

"When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs." Rule 58, Fed.Rules Civ.Proc. 28 U.S. C.A.

The pertinent parts of Rule 79(a) are:

"All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket. * * * These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process."

Judgment, as used in the Rules, "includes a decree and any order from which an appeal lies." Rule 54(a), Fed.Rules Civ. Proc. 28 U.S.C.A.

■■ A recent decision of the Supreme Court has supplied the answers to the questions posed by the motion to dismiss the appeal. United States v. F. & M. Schaefer Brewing Co., 78 S.Ct. 674. No form of words is necessary to evidence the rendition of a judgment. If the language used by the court clearly evidences the judge's intention that it shall be his final act it constitutes a final judgment, and when such intention has been so evidenced and the docket entry has been made a final judgment has been pronounced and entered and the time to appeal starts to run. The later filing and entry of a more formal judgment could not constitute a second final judgment in the case nor extend the time to appeal. Such are the principles applicable here as announced in the Schaefer opinion.

■■ In the case before us one of the instruments is styled "Order" and the other is called "Judgment". But as has been noticed, the label is unimportant. In each the operative words are "Ordered and Adjudged". In form the "order" dismisses the plaintiff's complaint with prejudice and the "judgment" directs that the plaintiff take nothing by his suit and that the defendant go hence without day. The instrument styled "order" was a direction of the court that "all relief be denied" and upon the notation thereof in the civil docket, under Rules 58 and 79(a), became a judgment. In any event the legal effect of the language in each of the instruments is the same and either would put an end to the suit. The only difference in the effect of the two instruments is that the one called "judgment" provides for recovery of costs by the defendant. But an award of costs to be taxed is not of the substance of a judgment where there is a dismissal for failure to state a claim upon which relief may be granted, and since costs are allowed as a matter of course unless the court otherwise directs, Rule 54(d), Fed. Rules Civ.Proc. 28 U.S.C.A., this provision was surplusage.

We reach the conclusion that the "Order" dated July 11, 1957, and entered by the docket notation on July 12, 1957, became a final and appealable judgment when so entered. Hence the appeal of which notice was filed on August 20, 1957, was after the time for appeal had expired and the appeal must be dismissed.

Dismissed.