**Joel RUBIN, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 73-2796**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Dec 3, 1973.

Arthur W. Tifford, Miami, Fla., for petitioner-appellant.

Lawrence B. Craig, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Rubin's § 2255 motion to vacate sentence was denied by the dis-

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

trict court. Since a notice of appeal was not filed within the time prescribed by law we must dismiss for lack of jurisdiction.[1]

On October 19, 1972, appellant filed his § 2255 motion alleging juror prejudice. He filed additional motions with the district court on January 11, 1973. Those relevant here include a request for permission to interview a juror and a motion for leave to file affidavits late. The district court held that the appellant had waived his complaint of juror prejudice and entered an order dismissing the motion to vacate on February 9, 1973.[2]

On March 27, 1973, appellant filed a second motion for leave to file affidavits late. The district court's order denying this second motion was entered April 16, 1973.[3] The court stated that this cause had been considered on appellant's prior motions and the request was impliedly denied in the February order. Not until June 18, 1973, was a notice of appeal filed from the court's order entered in February dismissing appellant's motion to vacate. At that time a notice of appeal was also filed from the April order denying the second motion to file affidavits late.[4]

 When the trial judge acts in a manner which clearly indicates his intention that the act shall be the final one in the case, and a notation of the act has been entered on the docket, the time to appeal begins to run. Carnes v. United States, 279 F.2d 378, 380 (10th Cir. 1960); Erstling v. Southern Bell Telephone, 255 F.2d 93 (5th Cir. 1958). Appellant contends that the February order of dismissal was not clearly the final one in the case because it did not expressly dispose of every specific request.

We disagree. The February order was clearly a final denial of the requested relief. Furthermore, the re-filing of a motion for leave to file affidavits late docs not toll the running of the time for filing a notice of appeal.

 The final order in this case was filed in the clerk's office on February 12, 1973. A notice of appeal was not filed until June 18, 1973, some four months later. Accordingly this appeal is dismissed for lack of jurisdiction. See, Dunn v. Henderson, 446 F.2d 1398 (5th Cir. 1971); Jackson v. Decker, 451 F.2d 348 (5th Cir. 1971).

Dismissed.

---

1. F.R.A.P. 4(a) provides in pertinent part: ". . . if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry."
Rule 4(a) is jurisdictional. See Holley v. Capps, 468 F.2d 1366, 1367 (5th Cir. 1973).

2. The order of dismissal was dated February 9, 1973 but was not filed in the clerk's office until February 12, 1973.

3. This order was dated April 16, 1973, but appears to have been filed in the clerk's office on April 18, 1973.

4. The notice of appeal specifically refers to the order "denying his motion to file affidavits in support of his petition for Habeas Corpus late entered April 16, 1973, and from the dismissal of that petition." Apparently the order was filed in the clerk's office on April 18, 1973.