Robert Anthony EDWARDS, Petitioner-Appellee,

v.

STATE OF LOUISIANA, Respondent-Appellant.

No. 73-3795

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 3, 1974.

Barbara B. Rutledge, Asst. Atty. Gen., Jesse J. Marks, Sp. Counsel to Atty. Gen., William J. Guste, Jr., Atty. Gen., New Orleans, La., for respondent-appellant.

Donald C. Theriot, Baton Rouge, La. (Court-appointed), for petitioner-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

No direct appeal to the Louisiana Supreme Court was ever perfected on behalf of Robert Anthony Edwards by his privately retained attorney, Peter J. Compagno, from his 1967 conviction for armed robbery and concomitant twenty-five year sentence at hard labor in the Louisiana State Penitentiary. In 1971 Edwards petitioned the State trial court for a writ of habeas corpus, asserting ineffective counsel, arrest without probable cause, introduction of illegal and prejudicial testimony, use of prejudicially instructed witnesses by the State and denial of appellate review, equal protection and due process of law. That

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

court's denial of relief without a hearing was affirmed on appeal to the Louisiana Supreme Court. Louisiana ex rel. Edward v. Henderson, 260 La. 690, 257 So. 2d 151 (1972).

His State remedies exhausted, Edwards sought similar relief in the district court below on the same grounds. Adopting the recommendations of the United States Magistrate, who concluded that Edwards' intertwined claims of ineffective counsel and denial of appellate review were arguably meritorious, the district judge remanded the petition to the State court for an evidentiary hearing and further reconsideration within 60 days. Accordingly, Judge Rudolph F. Becker, Jr., of the Criminal District Court for the Parish of Orleans, appointed counsel to represent Edwards and held a hearing at which Compagno, a former assistant district attorney for many years, Edwards and his mother, Mrs. Anna Austin, gave testimony. Judge Becker determined that Edwards had been informed by his attorney, Compagno, of his right to appeal the conviction and again denied the petition.

Thereafter, Edwards renewed his habeas corpus quest in the district court, which conducted another hearing in March of 1973. Edwards and his mother again appeared and testified. The State produced no witnesses, introducing instead the transcript of proceedings in Judge Becker's court. On the basis of the entire record the federal district judge concluded:

> Although Edwards was represented by retained counsel, rather than by appointed counsel at trial, he was entitled to be informed of his right to appeal. Atilus v. United States, 406 F. 2d 694 (C.5, 1969); Arrastia v. United States, 455 F.2d 736 (C.5, 1972); Gairson v. Cupp, 415 F.2d 352 (C.9, 1969). In the present case it appears that, whether or not petitioner was specifically informed of his right to appeal, he made it clear to his attorney that he desired that post-conviction proceedings be undertaken. This request was not acted upon by counsel, either by pursuing the available remedies or by informing petitioner that he was withdrawing from the matter and that new counsel should be retained or appointed for the purposes of appeal, prior to the expiration of the appeal time. In the opinion of the Court, counsel's conduct in this matter fails to meet the standard of effective representation required by Atilus v. United States, *supra*; and Arrastia v. United States, *supra*.

On March 30, 1973 the district court entered an alternative decree which provided that unless the State of Louisiana granted Edwards an out-of-time appeal within 120 days and provided him with appointed counsel, a writ of habeas corpus discharging Edwards from State custody would issue.

The State did not grant Edwards an out-of-time appeal. Although correspondence in the record indicates that the attorneys representing Louisiana intended to appeal the alternative order, they did not do so within the time allowed by law. After the time for appeal had expired and in response to a letter from Edwards, the district court ordered the State to show cause for its noncompliance with the March 30 order. Thereafter, and approximately six and one-half months too late [see F.R.A.P. 4(a)], the State filed a notice of appeal from the March 30 order. When the State failed to show any cause or reason save its own negligence for its failure either to comply with or appeal the March 30 order, the district court on November 5, 1973, issued the Great Writ, commanding Edwards' release from custody. The State of Louisiana has taken today's appeal from this final grant of habeas relief, which the district court stayed pending the outcome of this appeal.

The nettlesome question of the State's responsibility under the XIV Amendment for the conduct of privately retained trial counsel, which was initially decided in Edwards' favor in Fitzgerald v. Beto, 479 F.2d 420 (5th Cir. 1973) and West v. Louisiana, 478 F.2d 1026 (5th. Cir. 1973), is as yet unresolved in

this Circuit, *see* West v. Louisiana, *supra,* 478 F.2d at 1037 (Roney, J., dissenting), and is presently before the court *en banc* in those cases. In the Fifth Circuit precedents relied upon by the district court, this court accorded Section 2255 relief to federally convicted prisoners who had been denied an opportunity to appeal their convictions by the malfeasance of their privately engaged attorneys. Neither of these cases involved the XIV Amendment and the obligations of the states thereunder. *See* Atilus v. United States, *supra;* Arrastia v. United States, *supra; but see* Gairson v. Cupp, *supra.*

■■ Because of the procedural posture of the cause at this juncture, no resolution of this issue is possible here. "When the trial judge acts in a manner which clearly indicates his intention that the act shall be the final one in the case and a notation of the act has been entered on the docket, the time to appeal begins to run." Rubin v. United States, 488 F.2d 87, 88 (5th Cir. 1973). Conditional grants of the Great Writ are final judgments within the usual jurisdiction of this court under 28 U.S.C. § 1291. *See, e. g.,* Sexton v. Wise, 494 F.2d 1176 (5th Cir. 1974). The State failed to appeal the March 30 order within the time prescribed by Fed.R.App.P. 4(a), therefore we are without jurisdiction to reach the merits of that adjudication. *E. g.,* Rubin v. United States, *supra;* Jackson v. Decker, 451 F.2d 348 (5th Cir. 1971); Dunn v. Henderson, 446 F.2d 1398 (5th Cir. 1971).

■ Since the March 30 order is beyond the power of this court, our review is limited to consideration of the November 5 order. That order does no more than direct the execution of the prior final judgment. Given the finality of the former, the latter order putting its alternative proviso into operation cannot be error.

■ Our affirmance of the district court's grant of habeas corpus relief, however, does not preclude the State from petitioning the tribunal below for

relief from the March 30 order under Fed.R.Civ.P. 60(b). Should that court find the State of Louisiana is entitled to relief under that rule as to its March 30 final judgment, then the merits of that decision would be open to possible reconsideration in light of this court's en banc action in *Fitzgerald* and *West* or, perhaps, be open to the allowance of some additional time to the State to offer Edwards an out-of-time appeal. These matters are of course for the district court's determination in the first instance.

Affirmed.