**Alvin BROUSSARD, Plaintiff-Appellee,**

v.

**R. J. LIPPMAN, Warden, Federal Correctional Institute, et al., Defendants-Appellants.**

No. 80–2403
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 27, 1981.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for defendants-appellants.

Don Gladden, Fort Worth, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

The Government appeals from a district court order granting Alvin Broussard's petition for habeas corpus and dismissing all charges against him. The district court entered this order as a sanction against the United States Parole Commission for its tardiness in filing a report of a rehearing granted the prisoner. We hold that we have jurisdiction over the Government's appeal from this order and that the district court acted without authority. Accordingly, we vacate its order and remand the case to the district court for review of the Parole Commission's report.

I

After a trial in the Western District of Texas, Alvin Broussard was convicted of importing marijuana and sentenced to five years in the Federal Correctional Institute in Forth Worth, Texas. We affirmed his conviction. *See United States v. Broussard*, 582 F.2d 10 (5th Cir. 1978). In 1979, Broussard filed a petition for habeas corpus in the Northern District of Texas, alleging a variety of grounds for release, including the charge that the Parole Commission had not followed its own regulations in denying him early parole.

On October 24, 1980, acting on the findings and recommendations of a magistrate, the district court dismissed all of Broussard's claims but one. Broussard's final claim was that he had been denied an opportunity to rebut information in the presentence report relied upon by the Parole Commission, in violation of Parole Commission regulations and 28 U.S.C. § 2241. Finding merit in this claim, the district court ordered the Commission to conduct a new hearing within 50 days in accordance with its regulations. Upon concluding the hearing, the Commission was ordered to:

.... file a written statement with the Court within sixty (60) days of entry of this order, setting forth the action taken pursuant to this order.

IT IS FURTHER ORDERED that should the Respondent Parole Commission fail to take the action [required], then, albeit regrettable, that all charges pending against Petitioner Alvin Broussard shall be dismissed and Petitioner shall be released from all custody, restraint and restrictions of any kind.

The Parole Commission delayed and did not hold the required hearing until 61 days after entry of the order. The Commission then mistakenly mailed its report to the U. S. Attorney for the Northern District of Texas, instead of the district court. As a result, the report was not received by the District Court until December 31, 1980, eight days late.

On December 30, 1980, the day before the Commission report was filed, the District Court acted on the proviso in its October 24th order. Noting that the report had not been received, the court dismissed all pending charges against Broussard and ordered Broussard released from custody. The court denied the Government's immediate petition for stay. That same day, the Government filed notices of appeal from the order and the denial of stay. Late on the afternoon of the 30th, we granted a stay to allow the Government to petition for writ of mandamus in the district court. On January 26, 1981, after a hearing on the Government's motion, the District Court refused to reconsider its order releasing Broussard. Pursuant to our earlier order, the prisoner has remained in federal custody.

II

Before deciding the Government's claim that the District Court acted without au-

thority, we must first consider Broussard's challenge to our jurisdiction over this appeal. Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal must be filed in the district court within 60 days of "the entry of the judgment or order." This time limit is "mandatory and jurisdictional." *Browder v. Director,* 434 U.S. 257, 260, 98 S.Ct. 556, 561, 54 L.Ed.2d 521, 528 (1978). Broussard argues that the October 24th order constituted the only "judgment or order" and that the Government's failure to appeal from this order within 60 days precluded an appeal from the December 30th order of release.

Broussard relies on *Browder v. Director, supra,* and *Edwards v. Louisiana,* 496 F.2d 904 (5th Cir. 1974). In *Browder,* the district court entered a judgment holding that Browder would be released from custody unless the State of Illinois retried him within 60 days. Although the State moved for reconsideration in the district court, it neither retried Browder nor filed a notice of appeal within 30 days of the district court's entry of judgment, as required by Rule 4(a)(1) of appellants other than the United States, its agencies and officers. Instead, the State filed its notice of appeal immediately after the district court denied reconsideration. On certiorari, the Supreme Court held that the granting of Browder's petition, conditioned *only* on further action by the state, was a final judgment.[1] The Court reasoned that the district court's order "purported to be final," 434 U.S. at 265, 98 S.Ct. at 561, 54 L.Ed.2d at 532, and that the District Court had completely

> discharged its duty "summarily [to] hear and determine the facts," 28 U.S.C. § 2243, by granting the petition on the state-court record.

434 U.S. at 266, 98 S.Ct. at 561–62, 54 L.Ed.2d at 532. The State's appeal from the District Court was held to be untimely.

Similarly, in *Edwards v. Louisiana,* the district court entered an order granting Ed-

wards's petition for the writ unless Louisiana allowed him an out-of-time appeal and provided him with court-appointed counsel. The State failed to allow the appeal within the specified time, yet did not appeal until seven and one-half months later. The State also appealed from the district court's subsequent order issuing the writ. This court held that the appeal from the order issuing the writ was untimely.

> When the trial judge acts in a manner which *clearly indicates his intention that the act shall be the final one in the case* and a notation of the act has been entered on the docket, the time of appeal begins to run.

496 F.2d at 906, *quoting Rubin v. United States,* 488 F.2d 87, 88 (5th Cir. 1973). (Emphasis supplied.)

■ In Broussard's case, the district court had not completed its obligation to "hear and determine the facts," *Browder, supra,* nor did the district court order manifest that it was intended to be "the final one in the case," *Edwards, supra.* The district court ordered the Parole Commission to file a report with the court so that the court could *then* conclude its consideration of Broussard's petition. When, as here, a district court anticipates that further proceedings on substantive matters may be required, any order it makes to facilitate those further proceedings is necessarily not final. *See Garcia v. United States Board of Parole,* 557 F.2d 100 (7th Cir. 1977). The order must not merely have the potential to be the final action, it must, in fact, *be* the final action of the district court (as were the orders in *Browder* and *Edwards*). Those adversely affected by a district court order should not have to speculate on whether or not that order will prove to be final.

■ *Edwards* does state that "[c]onditional grants of the Great Writ are final judgments within the jurisdiction of this

---

1. The Court treated the State's motion for reconsideration as a motion to amend the judgment. Because the State did not file this motion within the time specified by Fed.R.Civ.P. Rules 52(b) and 59, filing the motion did not toll the running of the 30 day period. *See* 434 U.S. at 264–65, 98 S.Ct. at 561, 54 L.Ed.2d at 531.

court." 496 F.2d at 906. This sentence cannot be divested from its context to make interlocutory orders final and appealable. In *Edwards,* the district court issued a conditional writ as a means of allowing a state to rectify errors leading to conviction, the illegality of which had been conclusively determined by the district court. The order we review served only as an aid to the district court in making its determination of Broussard's claim. A conditional grant of the writ is a final order only when the district court has concluded *all* of the fact-finding and decisional processes necessary to establish the illegal nature of the prisoner's confinement. *Rubin, supra,* requires no less.

█ Because the October 24th order envisioned further proceedings of substance, it did not constitute a final order for purposes of Rule 4(a)(1). Here, the actual issuance of the writ on December 30th constituted the final order, because it was only then that no further proceedings of substance were contemplated. The Government's notice of appeal, filed the same day, was timely.

### III

█ The substance of the Government's appeal is that the District Court had no authority to grant a writ nullifying a lawful conviction solely because of the tardiness of the Parole Commission. We agree. 28 U.S.C. § 2241(c)(3) explicitly limits the grounds on which the writ may issue to release a federal prisoner. The writ of habeas corpus may not issue unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." The district court has not disputed the legality of Broussard's conviction and custody. The continuation of his initially valid confinement was the sole issue. Whether or not this confinement was proper, the district court had no authority to dismiss the charges against Broussard. Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c). *See Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979); *Davis v. Attorney General,* 425 F.2d 238 (5th Cir. 1970). As the district court recognized in its October 24th order, such claims may be adjudicated only in the district in which the prisoner was sentenced, here, the Western District of Texas. *See, e. g., Blau v. United States,* 566 F.2d 526 (5th Cir. 1978).

In *Brown v. Lundgren,* 528 F.2d 1050 (5th Cir. 1976), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976), this court held that a federal prisoner challenging the actions of the Parole Board (now Commission) must establish a violation of either the Constitution or federal law. In failing to comply with the district court's order, the Parole Commission violated neither the Constitution nor any federal statute. Its dilatoriness, standing alone, does not provide a sufficient basis for granting the writ. *Allen v. Perini,* 424 F.2d 134 (6th Cir. 1970), *cert. denied,* 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970).[2] In the absence of a showing of illegality, the district court could not and should not have visited upon the community the consequences of the Government's relatively brief delay in responding to a court order. *Id.*

We do not condone the Government's dilatoriness throughout the proceedings, as shown by the record. The district court has ample power by contempt citation and by its inherent authority over members of its bar to deal with the misfeasance of governmental agencies or their counsel.

The December 30, 1980, order of the District Court is VACATED. The case is REMANDED for further proceedings on the merits of Broussard's remaining claim. The prisoner, Alvin Broussard, shall remain in custody pending resolution of his claim on the merits, including the outcome of any appeal from that resolution.

VACATED and REMANDED.

---

**2.** In *Billitieri v. United States Board of Parole,* 541 F.2d 938 (2d Cir. 1976), cited by Broussard, the Second Circuit described the writ as an appropriate remedy for misfeasance when violations of constitutional rights were involved. *See* 541 F.2d at 944.