IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40358
Conference Calendar

_____


RAUL DIAZ,

                                    Plaintiff-Appellant,


versus


WILLIAM F. WOODS, WARDEN,

                                    Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-490
- - - - - - - - - -
October 23, 1996

Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Raul Diaz appeals the dismissal of his petition for habeas corpus, which he filed pursuant to 28 U.S.C. § 2241.  Attacks on the validity of a conviction must be brought under 28 U.S.C. § 2255, not § 2241, and such claims may be adjudicated only in the district in which the prisoner was sentenced.  <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.), <u>cert. denied</u>, 452 U.S.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

920 (1981).  See also, Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).  The sentencing court in this case was the District Court for the Western District of Texas, but Diaz filed his habeas petition in the District Court for the Southern District of Texas.  Appellant's prior unsuccessful motion pursuant to 28 U.S.C. § 2255, which he filed in the proper forum, does not entitled him to seek relief under 28 U.S.C. § 2241.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  The district court did not err in dismissing Diaz's petition.

This appeal is frivolous.  We caution Diaz that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Diaz is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.