DENNIS, Circuit Judge,
dissenting:
I respectfully dissent.
The rationale of the majority opinion is that because the Hamilton plaintiffs did not appeal timely after the district court’s September 26, 1996 order, they forfeited their right to appeal after that court’s April 1,1997 order. The majority opinion appears to rely on three possible theories as to the appeala-bility of the September 26, 1996 order: The order is appealable (1) “clearly ... under 28 U.S.C. § 1292(a)(1).” Maj. Op. at 370; (2) as a final judgment under 28 U.S.C. § 1291; or (3) as an order that comes within an appropriate exception to the final judgment rule. It is difficult to see how the majority’s decision can be soundly based on any of these grounds, however.
*381 (1)
Section 1292(a)(1) of 28 U.S.C. expressly permits an appeal from an interlocutory order of a district court that, inter alia, dissolves an injunction. An interlocutory appeal is permissive, not mandatory, because the district court retains complete control over its interlocutory orders until entry of a final judgment into which they are merged. A party does not forfeit its right to appeal after the final decree by failing to bring an interlocutory appeal. Matherne v. Wilson, 851 F.2d 752, 756 & n. 9 (5th Cir.1988); Gloria S.S Co. v. Smith, 376 F.2d 46, 47 (5th Cir.1967). See also 19 James W. Moore et al., MOORE’S FEDERAL PRACTICE § 203.32[3][b] (3d ed.1998) and other authorities cited therein.
Accordingly, if the district court’s September 26,1996 order was an interlocutory order dissolving an injunction-like consent decree, as the majority first asserts, the Hamilton plaintiffs’ failure to take an interlocutory appeal did not cause them to forfeit their right to appeal after the district court’s final April 1,1997 decree.
(2)
Federal appellate jurisdiction generally depends on the existence of a decision by the district court that “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)); Sierra Club v. City of San Antonio, 115 F.3d 311, 313 (5th Cir.1997). An order dissolving a consent decree is in essence the same as one dissolving an injunction. See Carson v. American Brands, Inc., 450 U.S. 79, 90, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981) (holding that an order refusing to approve a consent decree is an order refusing an injunction, and is therefore appealable under § 1292(a)(1)); Roberts v. St. Regis Paper Co., 653 F.2d 166, 170 (5th Cir. Unit B Aug.10, 1981). Consequently, such an order is inherently not final but interlocutory. See 28 U.S.C. § 1292(a)(1).
Moreover, the district court’s September 26, 1996 order affecting the Hamilton plaintiffs’ rights expressly provided that the consent decree was vacated “as of April 1, 1997.” Also, as the majority opinion recognizes, the district court in its September 26, 1996 order made clear that “supervision of the Non-DPSC facilities was being retained by the court only to allow for inspections [by the Court’s expert] to determine whether these facilities complied with the Basic Jail Guidelines.” Maj. Op. at 370 n. 7 (emphasis in original). Thus, the district court clearly retained jurisdiction of the case until April 1, 1997 for the purpose of taking remedial action in the event any facility failed to comply. The September 26, 1996 order, therefore, does not of its own force terminate the entire litigation as of the date of its entry. See Coopers & Lybrand, 437 U.S. at 467, 98 S.Ct. 2454. “‘[A]t a minimum, appellate review should not ordinarily occur before it is clear that the judge has no intention of further reconsidering the challenged ruling.’ ” In re Delta Services Industries, Inc., 782 F.2d 1267, 1271 (5th Cir.1986) (quoting 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3907 (1st ed.1976)). See also Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66, 70 (2d Cir.1973) (Among the purposes of the final judgment rule is “to prevent an appeal on an issue concerning which the trial court has not yet made up its’mind beyond possibility of change. ... ”); Erstling v. Southern Bell Tel. & Tel. Co., 255 F.2d 93, 95 (5th Cir.1958) (“If the language used by the court clearly evidences the judge’s intention that it shall be his final act[,] it constitutes a final judgment ____”) (citing United States v. F.&M. Schaefer Brewing Co., 356 U.S. 227, 232, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958)). Because the district court retained jurisdiction and supervision and could have reconsidered all or parts of its September 26, 1996 order at any time prior to April 1, 1997, the September order was not a final judgment that ended the litigation and left nothing for the court to do but execute the judgment.[1]
*382 (3)-
Such an order is appealable, therefore, only if it comes within an appropriate exception to the final judgment rule. The majority opinion does not identify any appropriate exception to the final judgment rule that affords appealability to the September 26, 1996 order. From the majority’s statement that the order “vacates and rescinds the consent decrees effective April 1st; it is self-executing and does not merely await the entry of another order to be issued on April lst[,]” it can be speculated that the majority thinks that the September order fits within either the death knell or pragmatic finality exception to the final judgment rule. These exceptions cannot be applied so as to make the September 26 order appealable as if it were a final judgment, however; and even if they could, the Hamilton plaintiffs, by failing to take such an appeal, 'did not forfeit their right to appeal after the April 1, 1997 final decree.
This court has limited the death knell exception to those cases in which a stay requires all or essentially all 'of the suit to be litigated in state court. KmaH Corp. v. Aronds, 123 F.3d 297, 300 (5th Cir.1997). Furthermore, its viability was severely if not fatally undermined by the Supreme Court in Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).
This court no longer recognizes the pragmatic finality exception. Aronds, 123 F.3d at 300 (citing Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 405 (5th Cir.) (stating that pragmatic finality is in fundamental conflict with the purpose of the finality rule), cert. denied, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984)).
Moreover, a party’s failure to take an appeal under one of these exceptions to the final judgment rule does not cause him or her to lose the right to appeal after the final decree. As Professors Wright, Miller and Cooper observe:
Forfeiture of the right to review on appeal from a final judgment should not follow from failure to take an appeal authorized by the hardship, collateral order, death knell, and pragmatic finality doctrines.... Unlike Rule 54(b), the purpose of these doctrines is only to provide an opportunity for immediate appeal to protect against the harsh results that the final judgment requirement can cause, not to force immediate appeal for the purpose of achieving final resolution of some portion of the case. While it is appropriate to hold, for example, that the opportunity for collateral order appeal is lost if appeal is not taken within the appeal period that runs from entry of the order, review should remain available on appeal from the final judgment.
15A Wright, miller & cooper, federal practice and procedure § 3905.1, at 262 (2d ed.1992).[2]
CONCLUSION
I agree with the majority that the district court, in its September 26, 1996 order, intended to retain supervision of the Non-DPSC facilities to ensure that those facilities were in compliance with the Basic Jail Guidelines before the effective date of the dissolu *383 tion of the consent decrees on April 1, 1997. Accordingly, the district court retained jurisdiction of the case and therefore could have further modified, amended, altered or reversed its decision to vacate and rescind the consent decrees at any time prior to April 1, 1997, the effective date of its preliminary decree and its final decree. Consequently, because the September 26, 1996 order was interlocutory, the Hamilton plaintiffs, by failing to appeal from it interloeutorily, did not forfeit their right to appeal after the April 1, 1997 final decree. The Hamilton plaintiffs did appeal timely after this date, bringing up all interlocutory orders affecting the rights finally and effectively adjudicated on April 1, 1997. Therefore, I believe this court has jurisdiction of the Hamilton plaintiffs’ appeal, and I must respectfully dissent from the majority’s decision.

. The District Court’s April 1, 1997 order provided "that the following secure parish and local jails have been released from all further supervision and jurisdiction of this Court and from all further reporting requirements” and listed those facilities. The majority concludes that the court’s April 1, 1997 use of a present perfect tense verb is determinative of whether the *382 Court’s September 26, 1996 order was a final judgment. For the reasons stated above, I do not think that a court can retroactively remake its prior interlocutory order into a final judgment, especially not by a brief, cryptic comment in a later judgment under a different docket number. "For a ruling to be final, it must end the litigation on the merits, and the judge must clearly declare his intention in this respect.... Moreover, the judge did not explicitly exclude the possibility that he might change his mind in the interim.” FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 273-74, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991) (internal citations and quotations omitted). "The Federal Rules are not intended to create procedural traps for the parties, forcing them to file premature appeals whenever some slight doubt arises as to the propriety of the court’s way of entering judgment.” Blanchard v. Commonwealth Oil Co., 294 F.2d 834, 837 (5th Cir.1961).

. The September 26, 1996 order also does not satisfy the requirements for certification as a partial final order under Federal Rule of Civil Procedure 54(b) because "the language in the order ... either independently or together with related portions of the record referred to in the order” does not "reflect!] the district court's unmistakable intent to enter a partial final judgment” under this rule. See Kelly v. Lee’s Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir.1990) (en banc).