WR-83,578-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 5:25:10 PM
Accepted 7/29/2015 8:11:48 AM
ABEL ACOSTA
CLERK

No. WR-83,578-01

IN THE

## Court of Criminal Appeals of Texas

RECEIVED
COURT OF CRIMINAL APPEALS
7/29/2015
ABEL ACOSTA, CLERK

EX PARTE DWAYNE EDWARD NASH,

*Applicant,*

## STATE'S RESPONSE TO APPLICANT'S OBJECTION AND REQUEST FOR REMAND

On Application for Writ of Habeas Corpus from the 33rd Judicial District Court, Burnet County, Texas

MATTHEW OTTOWAY
Assistant Attorney General/
District Attorney Pro Tem
Burnet County, Texas
    *Counsel of Record*
Texas Bar No. 24047707

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *matthew.ottoway@texasattorney
        general.gov*

*Counsel for the State*

**STATE'S RESPONSE**

Applicant Dwayne Edward Nash, convicted of murder and sentenced to seventy-five years' imprisonment, filed an application for state habeas relief in the convicting court. *See generally* Tex. Code Crim. Proc. art. 11.07. After the State answered, the record was forwarded to this Court, and the case remains pending.

Applicant now asks this Court to disregard the State's answer because, according to him, it was filed untimely. Appl. Objection & Mot. Remand 2. Applicant also seeks remand to the convicting court for further factual development. *Id*. at 2–4. The State opposes Applicant's requests for the reasons that follow.

**ARGUMENT**

**I.    The State's Answer Was Not Untimely and, Alternatively, Should Be Considered Even If It Was.**

After a state-habeas application has been filed, a district clerk is required to forward a copy "to the attorney representing the state . . . who shall answer the application not later than the 15th day after the date the copy of the application is received." Tex. Code Crim. Proc. art. 11.07 § 3(b).

1

Applicant filed his state habeas application on June 3, 2015.[1] SHCR.6.[2] He contends that the district clerk then forwarded a copy of his application to "the State" on June 4, 2015, though Applicant does not provide any proof of this event. Appl. Objection & Mot. Remand 2. The State does not disagree with Applicant's contention that, on June 4, 2015, the district clerk forwarded a copy of his state-habeas application to a prosecuting entity, just not "the attorney representing the state." Tex. Code Crim. Proc. art. 11.07 § 3(b).

The State's disagreement stems from the specific facts in this case. Normally, the prosecuting entity practicing in the 33rd Judicial District Court is the District Attorney for the 33rd and 424th Judicial Districts and his or her assistants (hereinafter "the District Attorney"). Tex. Gov't Code § 43.119. Here, however, the District Attorney recused his office from Applicant's case—because the victim's sister worked for the District Attorney—and the Office of the Attorney General was appointed in its

---

[1] Applicant claims he filed his application on June 2, 2015. Appl. Objection & Mot. Remand 2. The one-day difference between Applicant's assertion and the record makes no difference for purposes of the current dispute.

[2] "SHCR" refers to the documents and pleadings filed in Applicant's state-habeas proceeding, or state habeas clerk's record, followed by page numbers.

2

place. CR.37–39.[3] Thus, it is not contested that the district clerk forwarded a copy of the application to the District Attorney on June 4, 2015, but, in this case, that is not the same thing as "the attorney representing the state." Tex. Code Crim. Proc. art. 11.07 § 3(b).

Indeed, the State (Office of the Attorney General) filed a receipt-of-application letter dated June 17, 2015, acknowledging email acceptance of Applicant's state-habeas application from the district clerk on June 16, 2015. SHCR.117. Immediately following the aforementioned letter in the state-habeas clerk's record is a certified-mail receipt showing shipping of Applicant's state-habeas application on June 19, 2015, to the State (Office of the Attorney General). SHCR.118. Surely, the district clerk would not have emailed and mailed the State (Office of the Attorney General) on June 16 and June 19, respectively, had it already done so on June 4, 2015.

Thus, it is apparent that the district clerk did not serve a copy of Applicant's state-habeas application on "the attorney representing the state," Tex. Code Crim. Proc. art. 11.07 § 3(b), until June 16, 2015.

---

[3] "CR" refers to the documents and pleadings filed in the convicting court, or clerk's record, followed by page numbers.

3

SHCR.117. And it is clear that the answer deadline begins to run when the state-habeas application *"is received"* by *"the attorney representing the state."* Tex. Code Crim. Proc. art. 11.07 § 3(b) (emphasis added). Fifteen days following June 16, 2015, is July 1, 2015, which is the date the State's answer was filed. SHCR.119. Accordingly, the State's answer was timely filed, Applicant's assertion of dilatoriness is without merit, and the State's answer is properly before the Court.

Alternatively, even if the State's answer was late, it should still be considered. Applicant provides no support for his untimeliness-equals-stricken argument, which, in essence, boils down to an assertion that he is entitled to default judgment because of the State's supposedly untimely response. But Applicant should not reap any benefit (in whatever form that it may take—remand, a hearing, or conviction or sentence relief) even if the State did not timely respond to his collateral-attack allegations, *see, e.g., Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) ("Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely [answer]."); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th

4

Cir. 1981) ("[T]he district court could not and should not have visited upon the community the consequences of the Government's relatively brief delay in responding to a court order."), because the only issue in habeas is whether there are jurisdictional defects, or fundamental or constitutional violations in any particular case, *see Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002), all of which an applicant bears the burden of proving, *see Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). As the State's answer and attached evidence makes clear, Applicant fails in his burden of proof, and this should not be ignored simply because of an alleged collateral-review procedural defect.

Moreover, the effective striking of the State's answer would simply create make-work. Should the Court remand this proceeding to the convicting court and order factual development, the State would simply re-submit the evidence attached to its answer and file proposed findings utilizing the same legal framework found in its answer. At bottom, Applicant is seeking a windfall from a claimed dilatory filing by delaying the conclusion of this proceeding and preventing the State from submitting what is undoubtedly highly relevant evidence (for example, the State documented and attached to its answer proof of the delivery of

5

every piece of supposedly suppressed evidence). The Court should not countenance such tactics.

## II.   There Is No Need To Remand This Proceeding.

Applicant's primary argument for remand is predicated on the State's allegedly untimely answer—that a general instead of specific denial was entered upon expiration of the answer deadline. Appl. Objection & Mot. Remand 3. As explained above, *see supra* Argument I, the tardy-filing allegation holds no water. But, even if it did, the State's answer should be considered nonetheless, as also explained above. *See supra* Argument I. Thus, the factual and legal bases for Applicant's primary-remand argument are without merit and remand should not be predicated on them.

Applicant's secondary-remand argument is that further factual development should occur even if the State's answer is properly before the Court. Appl. Objection & Mot. Remand 4. As to Applicant's suppression-of-evidence claims, the State uncontestably proved that there was no suppression—trial counsel verbally and/or documentarily accepted receipt of the supposedly suppressed items (interviews with Dee Nan Post and Stoney Cox), or the evidence was within Applicant's

6

knowledge (jail documentation of his physical injuries following a confrontation with the victim). SHCR.136–42, 190–204. It is hard to imagine what the purpose of remand would be for such matters.

Moreover, because the supposedly-suppressed evidence is not material under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), there are no "unresolved facts material to the legality of the applicant's confinement" Tex. Code Crim. Proc. art. 11.07 § 3(c), requiring resolution. Stated another way, even if it is assumed that the challenged evidence was suppressed (a fact issue), Applicant is not entitled to relief under *Brady* because he fails to prove a reasonable probability of a different result (a legal issue). That is because the impeachment value of Dee Nan's interview was minimal as it was cumulative of her trial testimony and alleviated by a prior consistent statement, SHCR.137–38, Cox's interview provided nothing that was unknown to the jury and it did not have much import when viewed in context, SHCR.138–39, and the jail document was redundant of Applicant's testimony and suffered from several evidentiary deficiencies (its timing, generality, and Applicant's contrary testimony), SHCR.139–42. There is no reason to remand for factual development when, *legally*, Applicant cannot obtain relief.

Concerning Applicant's ineffective-assistance-of-trial-counsel claims, Applicant was required to overcome a legal presumption of attorney competence. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). But the State provided multiple reasons why Applicant's trial attorney did not act in the manner Applicant alleges he should have at the guilt-innocence stage of trial. SHCR.146–63. This includes not discovering or calling: (1) witnesses that could not link their personal knowledge to the victim; (2) a child witness; (3) a witness who had spoken with the victim twice in his entire life; (4) redundant witnesses; (5) witnesses with little or no personal knowledge; (6) witnesses who would have been open to devastating cross-examination; (7) witnesses who would have triggered an overwhelming rebuttal; and (8) an expert witness whose testimony was most likely inadmissible and unnecessary if admissible. SHCR.146–63. Remand for trial counsel to reiterate what is already apparent from the record is needless.

Further, like with the suppression-of-evidence claims, Applicant cannot demonstrate entitlement to relief even assuming all facts in his favor—he cannot meet *Strickland*'s prejudice prong on his guilt-innocence stage ineffective-assistance claims. The reasons for this

8

largely track the above discussion about counsel's performance—some witnesses' testimony (1) would have been inadmissible on relevance, personal-knowledge, or hearsay grounds; (2) would have been significantly impeached; (3) was cumulative of evidence already before the jury; (4) would have provoked a staggering rebuttal case from the State; (5) or would have been so broad, non-specific, and unhelpful to the jury as to have no effect. SHCR.163–74. Additional factual development is futile when Applicant cannot meet a legal requirement for relief.

The foregoing analysis applies to Applicant's punishment-stage ineffective-assistance claims as well. The State offered multiple, reasonable justifications for trial counsel's actions—it was sound not to (1) attack the victim's sister on cross-examination; (2) call witnesses that would have opened the door to, or reiterated, severely-damaging evidence to Applicant's case; (3) call witnesses who had little actual knowledge; or (4) call unnecessary and undetailed expert witness. SHCR.177–82. And these reasons largely prove why *Strickland* prejudice is lacking—weak, inadmissible, impeachable, and general evidence does not demonstrate a reasonable probability of a different result. SHCR.183–86. Once again, remand is unnecessary where the facts, if assumed true, could not garner

9

relief. As such, and for the reasons above, the Court should deny Applicant all the relief he has requested. *See* Tex. Code Crim. Proc. art. 11.07 § 5; Tex. R. App. P. 73.4.

## III. Alternatively, If Remand Is Ordered, It Should Be Limited to Applicant's Ineffective-Assistance Claims.

Should the Court, in its discretion, determine that additional fact-finding is appropriate, the State would respectfully suggest that the Court only remand the ineffective-assistance-of-trial-counsel claims. As is patent from the State's answer, all of the supposedly-suppressed evidence was provided to Applicant and such delivery was documented, or was within Applicant's personal knowledge such that suppression is inapplicable. *See supra* Argument II. There is simply nothing more for the State to say.

At most, on this record, trial counsel could make explicit what is already implicit from the record—that he undertook a reasonable investigation and made professionally-acceptable evidence-presentation calls (even then, Applicant still cannot prove *Strickland* prejudice, however). Thus, if the Court chooses to remand, it should remand only the ineffective-assistance claims. *See* SHCR.281–83 (State's proposed order designating only Applicant's ineffective-assistance claims).

## CONCLUSION

The State respectfully requests that the Court consider its timely answer, reject Applicant's request for remand, and deny Applicant all relief. Alternatively, the State respectfully suggests that remand, if ordered, should be limited to Applicant's ineffective-assistance-of-trial-counsel claims.

/s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General/
District Attorney Pro Tem
Burnet County, Texas
*Counsel of Record*
Texas Bar No. 24047707

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *matthew.ottoway@texasattorney general.gov*

*Counsel for the State*

11

# CERTIFICATE OF SERVICE

I do hereby certify that on July 28, 2015, I electronically filed the foregoing document with the Clerk of the Court for the Court of Criminal Appeals of Texas, using the Electronic Filing Manager of the Court. The Electronic Filing Manager electronically transmitted a "Notification of Service" of the foregoing document to the following counsel of record, who consented in writing to accept electronic service of this document:

John G. Jasuta
David A. Schulman
ATTORNEYS AT LAW
1801 East 51st Street, Suite 365-474
Austin, Texas 78723
*zdrdavida@davidschulman.com*
*lawyer1@johnjasuta.com*

       /s/ Matthew Ottoway
       MATTHEW OTTOWAY
       Assistant Attorney General/
       District Attorney Pro Tem
       Burnet County, Texas