[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11717

Non-Argument Calendar

_____

JUAN ANTONIO GARCIA,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14067-AMC

_____

Before ROSENBAUM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Juan Garcia appeals from the district court's order denying his 28 U.S.C. § 2255 motion as to five of his six claims and setting an evidentiary hearing on the remaining claim. The district court's order is not final because it facilitates further proceedings on the merits. *See World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (noting that a final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment); *Reaves v. Sec'y. Fla. Dept. of Corr.*, 717 F.3d 886, 905-06 (11th Cir. 2013) (stating that an order granting an evidentiary hearing on a claim in a *habeas* petition is not a final, appealable order); *Broussard v. Lippman*, 643 F.2d 1131, 1133 (5th Cir. Unit A 1981) ("When . . . a district court anticipates that further proceedings on substantive matters may be required, any order it makes to facilitate those further proceedings is not final.").

The order also is not appealable under the collateral order doctrine because Garcia may challenge the resolution of his claims on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (stating that an interlocutory order is immediately appealable under the collateral order doctrine if it would be effectively unreviewable on appeal from the final judgment). Accordingly, we lack jurisdiction over Garcia's appeal.

24-11717                 Opinion of the Court                 3

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.