Opinion issued October 23, 2008

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00927-CR






DONNEL RAYMUND POLK, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1103159






MEMORANDUM OPINION


 A jury convicted appellant, Donnell Raymund Polk, of the murder of
Christopher Ball, as proscribed by Tex. Penal Code Ann. § 19.02(b)(1), (2) (Vernon
2003), and the trial court assessed punishment at 45 years' confinement. In two
points of error, appellant contends that the evidence is legally and factually
insufficient to support his conviction of murder. We affirm. 

Background


 In the early morning hours of January 20, 1997, 30-year-old Christopher Ball
was working as a doorman at The Trap, an after-hours club in northwest Houston.
The club was located in a strip center and was open nightly from 8:00 pm to 5:00 am. 
Isaac Batiste, a former classmate of Ball, arrived at the club around 4:30 am on the
night of the shooting. After recognizing Ball, Batiste had a short conversation with
him at the club's entrance before entering the building. 

 Ten to 15 minutes later, Batiste returned towards the entrance, where he
noticed Ball face-to-face with appellant. Batiste walked between the men and
towards the parking lot outside. Though Batiste did not hear their entire conversation,
he saw Ball throw his hands up and say, "I don't know what you are talking about." 
Batiste then saw appellant turn his back toward Ball and reach across the front of his
body, under his left arm. Batiste was immediately startled by the sound of a gunshot. 
On looking back, Batiste saw appellant's face and noticed a handgun in appellant's
right hand. Batiste immediately fled to the parking lot, where he called 911 and
watched as appellant entered the passenger side of a vehicle and quickly drove away. 

 Meanwhile, Ball was clutching his chest and exclaiming that he had been shot.
Club patrons watched as Ball stumbled around before dropping to his knees. Darrell
Dunham, the owner of the club, soon helped Ball into a car and drove him to a nearby
hospital. Ball was rushed into surgery, but died approximately five hours later,
having lost so much blood from the single shot to his upper abdomen. 

 A police officer who investigated found scant physical evidence at The Trap
because there was little blood from the gunshot, but a bullet-shell casing was
recovered on the ground near the doorway of the club on the day after the shooting. 
The casing indicated that the bullet was from a semiautomatic pistol. Police and
Batiste also later learned that a photographer had taken a photograph of appellant on
the night Ball was killed. The photographer, Dennis Hanks, frequently took
photographs of club patrons who posed before various painted backdrops. In the
photograph taken of appellant, he had posed with a female and had brandished a
bandana, money, and a handgun.

Sufficiency Challenges

 Appellant contends that the evidence is both legally and factually insufficient
to support his conviction. A person commits the offense of murder if (1) he
intentionally or knowingly causes the death of another or (2) intends to cause serious
bodily injury and commits an act clearly dangerous to human life that causes the
death of another. Tex. Penal Code Ann. § 19.02(b)(1), (2). Appellant claims that
the evidence does not support either of these alternatives regarding Ball's death.
Focusing on the element of intent, appellant emphasizes that Ball did not die at the
scene, that he was not facing Ball at the time of the shooting, and that no evidence
shows that he was pointing the gun at the victim. Appellant concedes, however, that
he knew the danger of firing a gun wildly and disregarded the risk. For the reasons
that follow, we reject appellant's contentions.

Legal Sufficiency

In his first point of error, appellant contends that the evidence is legally
insufficient to support his conviction for murder. In reviewing the legal sufficiency
of the evidence, we must view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005).  The standard is the same for direct and circumstantial evidence
cases.  King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).

In reviewing for legal sufficiency, we do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this is the function of the
trier of fact.  See Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  Instead, our duty is
to determine whether both the explicit and implicit findings of the trier of fact are
rational by viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d at 422. In conducting our review, we resolve any
inconsistencies in the evidence in favor of the verdict.  Matson, 819 S.W.2d at 843.
Because the jury is in the best position to determine reliability of available testimony
and evidence, we must defer to assessments by the jury that depend on credibility
determinations. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).
In this case, the jury could have found the requisite element of intent in a number of
ways, and the evidence is legally sufficient to support each of them. 

 Proof of a mental state like intent most always depends on circumstantial
evidence. Smith v. State, 56 S.W.3d 739 745 (Tex. App.--Houston [14th Dist.] 2001,
pet. ref'd). Intent is determined from the totality of circumstances, which may include
the words, acts, and conduct of the accused. Griffin v. State, 614 S.W.2d 155, 159
(Tex. Crim. App. 1981); Banks v. State, 471 S.W.2d 811, 812 (Tex. Crim. App.
1971). The jury, who alone determines intent, may infer intent to kill from use of a
deadly weapon. Smith, 56 S.W.3d at 745. A pistol is a deadly weapon per se, and
intent to kill is presumed from its use. Williams v. State, 567 S.W.2d 507, 509 (Tex.
Crim. App. 1978); Smith, 56 S.W.3d at 745. Accordingly, the jury could have
reasonably found from appellant's undisputed use of a pistol that he intended to kill
Ball.

 The jury could have also have reasonably found appellant guilty of murder
even if he did not intend to kill Ball because intent to cause serious bodily injury,
when coupled with a clearly dangerous act that results in death, will suffice to
establish the offense of murder. See Tex. Penal Code Ann. § 19.02(b)(2);
Rodriguez v. State, 146 S.W.3d 674, 676 n.3 (Tex. Crim. App. 2004). The act of
shooting a gun in an individual's direction presents sufficient evidence for a jury to
find that a defendant intended to cause serious bodily harm by committing a clearly
dangerous act. Gallegos v. State, 76 S.W.3d 224, 228 (Tex. App.--Dallas 2002, pet.
ref'd); see Robinson v. State, 945 S.W.2d 336, 343 (Tex. App.--Austin 1997, pet.
ref'd). The jury could have rationally determined that appellant's act of reaching
across his body to fire a gun in Ball's direction at close range was a clearly dangerous
act meant to seriously injure Ball. Because appellant's act resulted in Ball's death,
it is of no consequence that Ball did not die immediately at the scene of the shooting. 
See Tex. Penal Code Ann. § 19.02(b)(2).

 For these reasons, we hold that the evidence is legally sufficient to support the
jury's finding that appellant had the requisite intent to commit murder. Accordingly,
we reject his legal sufficiency challenge, and his first point of error.

Factual Sufficiency

 In his second point of error, appellant contends that the evidence is factually
insufficient to support his conviction for murder. When conducting a factual-sufficiency review, we view all of the evidence in a neutral light.  Cain, 958 S.W.2d
408 . We will set the verdict aside only if (1) the evidence is so weak that the verdict
is clearly wrong and manifestly unjust, or (2) the verdict is against the great weight
and preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  Under the first prong of Johnson, we cannot say that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict.  Id.  Before finding that the
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict.  Id.  

 In conducting a factual-sufficiency review, we must also discuss the evidence
that the appellant contends most undermines the jury's verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).  The fact-finder alone determines what
weight to place on conflicting testimony because that determination depends on the
fact-finder's evaluation of witnesses' credibility and demeanor. Cain, 958 S.W.2d
at 408-09.  As the sole determiner of the credibility of the witnesses, the fact-finder
may choose to believe all, some, or none of the testimony presented.  Id. at 407 n.5.

 The State presented eyewitness testimony from Batiste, who was standing near
appellant and Ball during this incident. After the verbal confrontation, Batiste saw
Ball throw his hands up and exclaim, "I don't know what you are talking about." 
While still standing within a few feet of Ball, appellant turned his back toward Ball
and reached across his own chest. Batiste testified that he immediately heard a
gunshot and, upon looking back, saw a gun in appellant's hand. After the shot was
fired, Batiste saw appellant running to a nearby car that drove away.

 The State also produced testimony from Hanks, who earned part of his
livelihood by taking photographs at area nightclubs. Hanks testified that he
photographed appellant, who brandished a handgun while posing for the photograph
inside The Trap on the night Ball was shot. Hanks stated that he thought the gun was
real, and not a toy or prop, and he produced at trial the photograph taken of appellant
that night. Batiste corroborated that the man pictured with the gun was appellant, and
both Batiste and Hanks identified appellant in court. Testimony from Houston Police
Department (HPD) Homicide Investigator R. Swainson showed that Batiste was able
to identify appellant from a photospread. 

 The State also offered expert testimony from M. Lyons, a firearms examiner
for HPD. Lyons stated that, from his examination of the evidence, he could not rule
out the possibility that the bullet casing found at scene the next day came from the
gun appellant brandished in the photograph taken the previous night. 

 Appellant disputes the factual sufficiency of the evidence on the grounds that
(1) the evidence shows that he was not facing Ball and (2) there was no evidence that
appellant was pointing the gun at Ball. Therefore, appellant contends, the evidence
is factually insufficient to support the intent element of his conviction for murder,
though the evidence might support a lesser offense. Appellant relies on cases that
involve reckless use of firearms, but which, in contrast to this case, also involved
evidence that affirmatively rebutted intent to kill. See Guzman v. State, 188 S.W.3d
185, 193-94 (Tex. Crim. App. 2006). There is no corresponding evidence in the
record of this case that rebuts appellant's intent to kill. Moreover, the jury charge in
this case included instructions on the lesser charges of manslaughter and criminally
negligent homicide, which the jury necessarily rejected by finding appellant guilty of
murder offense. 

 Batiste observed that appellant and Ball had been face to face and that he saw
appellant reach across his own body. Within seconds, Batiste heard a shot and turned
back, when he saw appellant's face and saw the gun in appellant's hand. Appellant
and Ball were at close range, and Batiste heard Ball repeatedly shouting that he had
been shot. Batiste also saw appellant flee immediately and enter a car departing from
the club parking lot. Given these circumstances, there is no objective basis in the
record from which we may conclude that the lack of testimony that appellant was
facing Ball or pointing the gun at Ball so weakens the evidence supporting the jury's
finding appellant guilty of murder that the jury's verdict is clearly wrong and
manifestly unjust. See Watson, 204 S.W.3d at 417. 


 We therefore hold that the evidence is factually sufficient to support appellant's
conviction, and we overrule appellant's second point of error.

Conclusion

 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. Tex. R. App. P. 47.2(b).